JOHNSON v. SOUTHERN RAILWAY.

1. RAILROADS—PASSENGER—NEGLIGENCE.—When a female passenger in feeble health, or encumbered with baggage or other impediment, is not assisted by the railroad servants in boarding a train, any person may assist her, and the company is bound to give such person sufficient time to leave the train, if its servants have notice of his purpose of entry.

2. IBID.—IBID.—IBID.—If a conductor stands near enough to see a husband assist a wife to board a train, who is not offered help by the officers, and to hear conversation between them as to baggage, and does not stop train long enough to permit him to get off, such facts must go to the jury on the question of negligence.

3. PLEADINGS—DAMAGES—CHARGE.—An allegation in a complaint for damages against a railroad for injury to a person in alighting from the train by "negligently and carelessly starting a train" will sustain a charge that a railroad company is liable for injuries to persons lawfully on its cars, caused by a certain "jolting and jerking," when there is proof of jerks and jolts.

Before KLUGH, J., Saluda, December, 1897.    Affirmed.

Action by George Johnson *v.* Southern Railway Company, for damages. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *Jno. P. Thomas, Jr.*, for appellant, cite: *In absence of notice, conductor must presume person entering intends to become a passenger:* 55 Ark., 428. *No inference of negligence from prematurely moving train:* 38 Sev., 401; 6 Gray, 64; 84 Ga., 1; 18 Sev. R., 543; 83 Fed., 58; 113 Mo., 370; 64 Wis., 657; 15 L. R. A., 434; 139 Mass., 238. *No breach of duty on part of servants in not assisting wife on board:* 113 Mo., 570; 23 Wis., 152; 27 S. C., 268; 46 S. C., 203.

*Messrs. Tompkins & Wells* and *S. McG. Simkins*, contra, cite: *Whether wife needed assistance, and such assistance was given by officers, is for jury:* 27 S. C., 270; 46 S. C., 203; 21 Am. Rep., 371; 55 Mo., 485, 509; 23 S. E. R., 387; 6 S. E. R., 593; 14 S. E. R., 490; 3 S. E. R., 355, 95; 9 N. E. R., 330; 1 S. W. R., 493. *Passenger is warranted in obeying ·directions of servants of company:* 13 N. E. R., 122; 16 N. E. R., 466; 6 At. R., 841; 34 N. W. R., 621; 4 S. W. R., 755. *Not negligence per se for passenger to board street car in motion:* 12 At. R., 821; 4 N. E. R., 441; 21 S. E. R., 409. *Passenger may leap from train if invited by company's agent:* 115 N. C., 673; 41 S. C., 415; 46 S. C., 203; 26 S. C., 109; 49 S. C., 24. *If servant did not assist the wife, the husband may, and the company must stop for him to get off:* Rev. Stat., 1687; 23 S. E. R., 387; 46 S. C., 203; 26 S. C., 109; 41 S. C., 415. *Charge as to injury from "jolts and jerks" proper in this case:* 35 S. C., 340; 47 S. C., 335; 29 S. C., 303; 44 S. C., 546; 46 S. C., 203; 38 N. Y., 220; 40 S. C., 326; 48 S. C., 231; 26 S. C., 109; 47 S. C., 336, 28; 35 S. W., 421; 56 N. W., 808; 48 Ill. App., 41; 97 Ala., 325, 332; 98 Cal., 366; 36 Neb., 642.

Sept. 28, 1898. The opinion of the Court was delivered by MR. CHIEF JUSTICE McIVER. This was an action to re-

cover damages for injuries sustained by plaintiff, in alighting from defendant's train, caused, as alleged, by the negligence of the defendant company. The case, in brief, was this: the plaintiff bought a ticket for his wife from defendant's agent, at Monetta, a station on defendant's line, which entitled her to be carried as a passenger from that station to Augusta, Georgia. The train was behind time in reaching Monetta, and the plaintiff's wife, who was encumbered with heavy baggage, a valise, needed assistance in boarding the train, which not being afforded by any of the railroad employees, her husband, the plaintiff, undertook to carry her valise on the train for her, and in leaving the train, while it was in motion, fell or was thrown to the ground, thereby sustaining the injuries complained of. At the close of the testimony on the part of the plaintiff, the defendant moved for a nonsuit upon the ground that there was no testimony tending to show any negligence on the part of the defendant company. The motion was refused by his Honor, Judge Klugh, saying: "The testimony is that the plaintiff made known his wish to the conductor (that is, his wish to get off the train), that the conductor, the agent of the railroad, told him to get off. That tends to show— I don't say it shows—negligence, but it is a question which must go to the jury, whether that was negligence of the company or not." The defendant then introduced its testimony, and after the charge of the Circuit Judge, which, it seems to us, was entirely correct, and eminently fair to both parties, the case was submitted to the jury, who returned a verdict in favor of the plaintiff for $600, and judgment was entered thereon. From this judgment, the defendant gave notice of appeal, basing the same upon four exceptions; but as two of them, the second and third, were abandoned, and very properly abandoned, at the hearing, it is only necessary to state, and consider the first and fourth exceptions.

The first exception imputes error to the Circuit Judge in refusing the motion for a nonsuit. This turns upon the

question whether there was any evidence tending to show negligence on the part of the defendant company, from which the injuries complained of resulted.   While it is true . that the evidence did not tend to show that the plaintiff was a passenger, and, hence, that the defendant company owed plaintiff no duty *as such*, yet it is equally true that the evidence did tend to show that plaintiff went to the train for the purpose of assisting his wife, who was encumbered with heavy baggage, to board the train as a passenger; that the wife needed assistance in boarding the train, and none being offered or rendered by any of the railroad officials, it became necessary for the plaintiff, her husband, to render the assistance necessary; that for this purpose he took his wife's heavy valise and went up the steps of the second class car for which his wife had a ticket; that as soon as he reached the platform he felt the train moving, and called to his wife to take the valise, so as to let him get off the train; that she took the valise, and the plaintiff went down the steps as quick as he could, saying to the conductor, who was standing on the front steps of the first class car, that he wanted to get off; when the conductor told him to get off while the train was in motion, and that in doing so he fell or was thrown to the ground, whereby he sustained the injuries complained of.   It is not and cannot be denied that such was the purport of the testimony on the part of the plaintiff, which was, of course, the only testimony before the Court when the motion for a nonsuit was made.   The question, then, is, did this testimony tend to show negligence on the part of the defendant?   This depends upon the inquiry whether the defendant company owed the plaintiff any duty, and if so, what, under the circumstances.   There can be no doubt that a female holding a ticket entitling her to transportation as a passenger on a railroad train, if feeble, or encumbered with heavy baggage or other impediments, is entitled to have assistance in boarding the train, and if the same is not afforded by the railroad officials or servants, her hus-

band or other escort may render her the necessary assistance, and for this purpose is entitled to enter the train, and is entitled to a reasonable time to leave the train before it is put in motion. Both reason and authority unite in sustaining this proposition; and, indeed, we do not understand that it is denied in this case, if accompanied with the proviso, that the defendant or its agents have notice of the purpose for which such person enters the train. Accepting the proposition with this proviso, we think it clear that there was some testimony—whether sufficient or not, is not the question under a motion for nonsuit—tending to show that defendant neglected to perform its duty to the plaintiff in not allowing him a reasonable time to leave the train which he had started to enter for the purpose of assisting his wife; for the evidence on the part of the plaintiff tends to show that the conductor was standing on the front steps of the first class car, near enough probably to hear the wife tell her husband to bring in her baggage, as she was going up the steps of the second class car, and that plaintiff as soon as he discovered that the train was in motion informed the conductor that he wanted to get off, and was told by him to get off, although the train was then in motion. This testimony, if true—and that was a question for the jury—certainly tended to show negligence in the performance of the duty which defendant owed plaintiff, under the circumstances stated. It is contended, however, for the appellant that, according to this testimony, the conductor had no notice of plaintiff's wish to get off the train until after it had started. Even if this view of the testimony should be accepted, we do not think it would relieve the defendant from the charge of negligence; for the evidence was that the train, being behind time, stopped for a very short time, about half a minute, as one of plaintiff's witnesses estimated; and if the conductor had started his train after such a very short time, and was then notified that the plaintiff desired to get off the train, he could and should have stopped his train, to enable this old

man, sixty-five years of age, to get off the train, especially as the testimony tended to show that the train had not stopped long enough to allow the plaintiff time to get off before it started. Besides, if the conductor was standing near where the wife of the plaintiff got on the train—and that was a question of fact for the jury—the jury might have inferred from the testimony that he was near enough to see and hear what passed between plaintiff and his wife, as she was getting on the train, and if so, that was sufficient to give him notice that the plaintiff merely got on the plat- form of the second class car to assist his wife with her bag- gage, and wanted to get off before the train started. We do not think, therefore, that there was any error in refusing the motion for a nonsuit.

The only other exception is the fourth, which reads as follows: "Because the presiding Judge erred as matter of law in charging that 'a railroad company is liable for injuries to persons lawfully in its cars, caused by a certain jolting or jerking of the same, if such jolting or jerking were due to the negligence and carelessness of the defendant, its servants and agents, and the injured party was not contributorily negligent,' because it was not alleged in the complaint that the negligence of defendant was caused by any 'jolting or jerking,' and there was no proof that such jerking or jolting was due to any negligence on the part of the defendant, and said charge was not applicable to the case at bar." It will be observed that the correctness of the legal proposition contained in the charge is not impugned; but the error is alleged to lie in the fact that there was no allegation in the complaint "that the negligence of defend- ant was caused by any jolting or jerking, and there was no proof that such jerking or jolting was due to any negligence on the part of the defendant," and hence said charge was inapplicable to the case. In the seventh paragraph of the complaint there is a general allegation that the defendant "negligently and carelessly started the train;" and if the defendant desired any more specific allegation of negligence

in starting the train—as, for example, in starting the train with a jolt or jerk—the defendant had a right to move the Court to make the complaint more specific in its allegations; and not having done so, it is too late now to avail itself of such an exception.    As was well said by Mr. Justice Gary, in delivering the opinion of the Court, in *Spires* v. *Railroad Co.*, 47 S. C., at page 30: "When a complaint is general in its allegations of negligence, and the defendant desires to know upon what particular acts of negligence the plaintiff relies to sustain his action, it is the duty of the defendant to make a motion to have the complaint made more definite and certain; and when this is not done, the plaintiff has the right to introduce any competent evidence tending to show negligence on the part of the defendant."    Accordingly in this case the plaintiff was allowed to testify, without objection, that as he was about to get off, "the train either ran over a joint or made a jerk, and I fell."    So that the charge was applicable to the pleadings and the evidence.    The other branch of the exception—that "there was no proof that such jerking or jolting was due to any negligence on the part of the defendant"—is fully disposed of by the terms of the charge, in which the Circuit Judge was careful to say: "If such jolting or jerking was due to the negligence and carelessness of the defendant, its servants and agents;" so that if there was no evidence of any negligence, the defendant could not possibly be injured by such a charge.

Counsel for appellant, in his argument, has urged another objection to this charge, which is not indicated in the exception, and is not, therefore, properly before us.    But even if it were, it could not avail the defendant.    It is contended that the vice in the charge was the failure of his Honor to distinguish "between the case of a person in the car in a position of safety and the case of the plaintiff, who, at the time of the alleged jerk, was in a position of danger on the bottom step of the car, and in the act of trying to get off a moving train"—it should be added, getting off by the direction of the conductor, as the plaintiff testified.    In the first

14—53

place, it does not appear that any such distinction was brought to the attention of the Circuit Judge, either by request to charge or otherwise; and in the second place, the matter was brought to the attention of the jury by the concluding words, "and the injured party was not contributorily negligent." The fourth exception is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

