COOPER v. GEORGIA, CAROLINA AND NORTHERN RY. CO.

1. RAILROADS—PASSENGERS—CARRIERS—PLEADINGS—THE COMPLAIN-
ANT in this action states a cause of action against a railroad com-
pany for failing to stop its train for a passenger to alight, and for
negligence in inviting and permitting him to alight from a moving
train. Duties of carrier to passengers discussed.

2. NEGLIGENCE.—CONTRIBUTORY NEGLIGENCE is the want of ordinary
care on the part of a person injured. by the actionable negligence
of another combining and concurring with that negligence, and
contributing to the injury as a proximate cause thereof, without
which the injury would not have occurred.

Before TOWNSEND, J., Newberry, November, 1898. Re-
versed.

Action for personal injuries by Monroe Cooper against
Georgia, Carolina and Northern Railway Company. From
judgment for plaintiff, defendant appeals. The following
paragraphs of the complaint state the cause of action:

"IV. When the last station between the stations of Car-
lisle and Whitmire was passed, the said conductor reminded
the plaintiff that the next station was Whitmire, and when
the train neared Whitmire and after the signal for the sta-
tion had been blown, the said conductor came and ordered
him, the plaintiff, to get ready and get off.

"V. That as the said train slowed up, he, the said plaintiff,
got up from his seat and followed immediately behind the
conductor to the door of the car in which he was riding, and
that the said conductor opened the door of the said car and
was followed out of it, to his knowledge by the plaintiff, and
both he and the said conductor were standing on the plat-
form of the said car as the said station of Whitmire was
being passed. That the said train slowed up as if to stop,
but failed to do so, and on the other hand it began to go
faster and faster, until the plaintiff despaired of its stopping,
and obeyed the order and instructions aforementioned, that
he should prepare and get off (*and accepting the invitation*

*of the said defendant to dismount*), in the presence of the said conductor and to the full knowledge of the defendant, the plaintiff jumped from said train, and was struck by the passing steps thereof, which caused him to fall so that his foot was passed over by some of the wheels of said train and mangled most painfully and seriously—in fact, to such an extent that amputation became necessary, and consequently his leg was taken off."

*Mr. L. W. Perrin,* for appellant, cites: *Complaint does not state a cause of action:* 18 S. C., 471, 181; 22 S. C., 563; 21 S. C., 350; 14 S. E. R., 714; 19 Ib., 1020; 25 S. C., 59; 47 S. C., 30; 12 S. E. R., 816; 33 S. C., 217. *Passenger should not jump:* 20 Am. St. R., 511. *As to charge upon negligence:* 51 S. C., 237; 20 S. C., 219; 15 S. C., 451; 95 U. S., 442; 64 Ga., 478; 37 R. R. Cases, 329; 46 S. C., 217; 25 S. C., 59; 51 S. C., 237; 46 S. C., 548; 58 Am. Dec., 191.

*Messrs. Johnstone & Welch, contra,* cite: *Definitions of negligence:* 19 S. C., 24; 20 S. C., 264; 21 S. C., 104. *Conductor should warn passenger of danger:* 45 Ga., 288; 98 N. Y., 128; 6 N. Y. (Supp.), 320; 26 Ind., 459; 37 Ark., 519; 59 Tex., 406. *As to proximate cause:* 45 Md., 490; 59 Md., 309; 74 Md., 212. *Not necessary to charge request in exact language:* 51 S. C., 311. *Only required to substantially cover law by charge:* 49 S. C., 285; 46 S. C., 218. *Favorable qualification of request harmless error:* 50 S. C., 52.

September 28, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant appeals from the judgment of the Circuit Court in favor of plaintiff in this action by a passenger to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant carrier.

The first question presented is whether there was error in

overruling the demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Without setting out the complaint in full, it will be sufficient to state that in addition to the usual allegations in cases of this kind, the complaint alleged three acts of negligence—first, failure of defendant to stop its train at the station for which plaintiff had bought his ticket; second, inviting and ordering plaintiff to alight from the train while in motion; third, permitting plaintiff to alight from the moving train in the presence and with the knowledge of the conductor, after such invitation and order to get off. The complaint alleged substantially that the usual signal was blown for the passenger's station; that the conductor ordered plaintiff "to get ready and get off;" that as the train slowed up, as if to stop, plaintiff followed the conductor to the platform of the car, and that plaintiff and the conductor were standing on the platform as the train was passing the station; that the train, instead of stopping, began to go faster, whereupon, in the presence of and with the knowledge of the conductor, and in obedience to said invitation and order, plaintiff jumped from the train, and was struck by the passing steps which caused him to fall, so that his foot was run over and mangled so as to necessitate amputation. Appellant contends that the facts alleged do not show any breach of duty which can reasonably or legitimately be held to be the proximate or natural cause of the injuries, and that the complaint shows that said injury was the natural and immediate result of plaintiff's own negligence. We think the demurrer was properly overruled. It cannot be said, as matter of law, from the facts stated, that the alleged negligence of defendant was not a proximate cause of the injury, nor can it be said, as matter of law, that the facts stated show that plaintiff's own negligence was a proximate cause of his injury. A railroad company is in duty bound to stop its train at the station to which it has agreed to carry a passenger, and give reasonable time and opportunity for a safe landing. It is also a breach of the

carrier's duty to expressly or impliedly invite a passenger to
alight from a moving train.   But the circumstances, as the
slow motion of the train, the distance from the platform step
to the landing, the smoothness of the landing place, &c., may
be such as to justify a person of ordinary prudence and
senses in acting on such invitation and alighting from a
moving train.   The complaint does not show that the train
was moving so fast as to make it obviously dangerous to
alight.   The authorities show that it is not negligence *per
se,* or as matter of law, for a passenger to alight from a
moving train on the invitation of the carrier's agent, unless
the circumstances are such as to make the danger of alight-
ing obvious to a person of ordinary prudence and senses.

The second exception, relating to the refusal of the motion
for a new trial on the ground of insufficiency of the testi-
mony to support the verdict, was not argued, and properly
so.

The third exception, containing nine subdivisions, as-
signs error in reference to the charge to the jury.   We will
consider the first five subdivisions, with a view to
ascertain whether there was error in the instructions
to the jury on the question of contributory negli-
gence.   The Court charged the jury as follows: "A man
that causes his own injury cannot recover; but although the
party complaining may be guilty of negligence, yet if the
injury resulted from an act which could have been avoided
by the observance of ordinary care on the part of the defend-
ant, the omission to observe that care by defendant would
not relieve it from liability."   Defendant's third request to
charge was as follows: "Before the jury can find for the
plaintiff, they must be satisfied from the preponderance of
the testimony that the defendant was negligent, and that the
negligence proved was the natural, direct and proximate
cause of the injuries complained of."   In response to which
request the Court said: "I charge you that, with this quali-
fication: that although the plaintiff may be negligent to some
extent, yet if the injury complained of could have been

avoided by ordinary care of the defendant, then defendant is responsible." Defendant's seventh request to charge was as follows: "If the testimony satisfies the jury that the plaintiff did not, under the circumstances of the situation, exercise ordinary care, and that this want of ordinary care on his part was the direct and proximate cause of the injuries complained of, then a case of contributory negligence would be made out, and you must find for the defendant." In response to which the Court said: "I qualify that with the same proposition: although the plaintiff may be negligent, if by the observance of proper care on the part of the defendant the injury could have been avoided, the defendant is responsible." Defendant's eighth request to charge was as follows: "A person who has brought on injuries by his own negligence cannot recover damages for them." In response to which the Court said: "I charge you that with the same qualification; although his immediate act caused it, if it could have been prevented by the ordinary care of the defendant, and the defendant did not observe that care, it is liable." From the foregoing we think it is manifest that the jury were not properly instructed as to contributory negligence. The best definition of contributory negligence we have seen is the following from 7 Enc. Law, 371, 2d ed.: "Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred." It is thus seen that contributory negligence by a plaintiff can never exist except when the injury has resulted from the negligence of defendant as a concurring proximate cause. In view of this, and of the well established rule that contributory negligence to any extent will always defeat a recovery, it was error to instruct the jury as above. The effect of the instruction was to eliminate contributory negligence as a defense.

As this conclusion will render a new trial proper, we do

not deem it necessary to consider the remaining subdivisions of the third exception, the point considered being the one mainly relied on by appellant.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.