SEABOARD AIR–LINE RAILWAY *v.* SHIGG, administratrix.

A petition for damages, by the administratrix of one who was killed in the State of South Carolina while admittedly trespassing on the right of way of a railroad company, which alleges that the killing was negligent, careless, and wanton, but the specific allegations of which distinctly negative any idea of gross or wanton negligence, is fatally defective, and should be dismissed on general demurrer.    Under the laws of South Carolina, it is necessary to a recovery, under the circumstances mentioned, that the killing should have been due to wanton negligence.

Argued February 25, — Decided March 18, 1903.

Action for damages.    Before Judge Norwood.    City court of Savannah.    January 30, 1902.

*Mackall & Anderson*, for plaintiff in error.
*Twiggs & Oliver* and *W. H. Wade*, contra.

CANDLER, J.    Patsy Shigg, as administratrix of Robin Shigg, sued the Seaboard Air-Line Railway for damages on account of the alleged negligent killing of Robin Shigg by a train of the defendant company.    From the petition it appears that on a named day the deceased, with two children, aged respectively ten and twelve years, was walking on a trestle belonging to the defendant, which crossed the Savannah river, from the State of Georgia to the State of South Carolina.    This trestle was about four miles long.    Shigg lived on an island in the Savannah river, on the South Carolina side; and on account of the fact that severe rain-storms had so swollen the river as to render it practically impossible for him to reach his home from the Georgia side by means of a boat, which he generally used, " it was necessary for him, in order to reach his home, to be on said trestle, proceeding in the direction he was taking.    While he and the two children were on the trestle, and within a few hundred yards of the South Carolina end, a passenger-train of the defendant, on its way from the city of Columbia, S. C., to the city of Savannah, came in sight of the party on the trestle, on a straight stretch of track leading up to the trestle from the South Carolina side.    When the train appeared in sight of Shigg and the children, they made frantic efforts, and used every means in their power, to reach the South Carolina end of the trestle before the train reached it.    Shigg was running in advance of the two children, and when it became apparent that the younger and weaker of the children would not be able to reach the shore unaided, he

turned and gathered her in his arms, with the result that the older child reached the shore before the train arrived, while Shigg and the younger child were struck by the engine while within thirty feet from the shore, knocked from the trestle, and killed. It was alleged that Shigg and the children were in view of the engineer and fireman of the engine, "the morning being clear and the sun shining brightly," and that the engineer, seeing the efforts they were making to get off the trestle, "*supposed that they would succeed*, and negligently, carelessly, and wantonly allowed said train to continue at its rapid speed of about forty miles per hour, and when the said engineer *endeavored to check the speed of said train, in order that your petitioner's said husband and the said children* might escape with their lives, the rapid speed of said train and the near proximity of the helpless victims rendered the effort of said engineer futile, and the said train, after it had struck and killed your petitioner's husband, ran by fully its entire length before it was brought to a full stop." By amendment it was alleged that the homicide occurred on the South Carolina side of the river, and in the petition the following extract from the statute law of South Carolina is set out as being applicable to the case: " Whenever the death of any person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person or corporation who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. Every such action shall be for the benefit of the wife, husband, parent, and children of the person whose death shall have been so caused; and if there be none such, then for the benefit of the heirs at law or distributees of the person whose death shall have been so caused, as may be dependent on him for support; and shall be brought by, or in the name of, the executor or administrator of such person; and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action shall be brought, and the amount so recovered shall be divided among the before-mentioned parties in

such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate.    All such actions must be brought within two years from the death of such person, and the executor or administrator, plaintiff in the action, shall be liable to costs in case there be a verdict for the defendant, or nonsuit, or discontinuance, out of the goods, chattels, and lands of such executor or administrator."

The foregoing is the substance of the petition.    The defendant filed a general demurrer, which was overruled, and it excepted.

The right of the plaintiff in the court below to a recovery in this case is to be determined by the law of South Carolina; and the question presented for our determination is whether, under that law, the declaration made out a case sufficient to authorize a recovery, assuming to be true all the allegations of fact in the petition which were well pleaded.    An examination of the order passed by the court overruling the demurrer shows that the judge was satisfied that, under this declaration, the deceased, Robin Shigg, was a trespasser on the right of way of the defendant, and indicates that in the judgment of the court he was guilty of negligence in being upon the trestle; but it also appears that the demurrer was overruled because there were two children with the deceased on the track at the time he was struck, and, to quote the language of the order, "what the law requires of adults as to ordinary care is not applicable to children."    It is clear from this language that the court misconceived the nature of the action.    This was not a suit for the homicide of the child that was killed, but for that of Shigg, the husband of the defendant in error, brought by his administratrix for the benefit of his estate; and no question of the degree of care required of the child should have been allowed to enter into a consideration of the case.    Since the deceased is clearly shown by the petition to have been a trespasser upon the trestle at the time he was struck by the defendant's train, in order for his administratrix to recover under the laws of South Carolina, the declaration must set forth facts which amount to a wilful and wanton killing.    The rule of comparative negligence does not obtain under the laws of that State, but it seems to be well settled by the adjudications of its highest court that contributory negligence to any extent will defeat a recovery, unless the injury is wilfully and

wantonly inflicted.  Paragraph 6 of the plaintiff's petition, in detailing the circumstances of the killing, alleges that the deceased and his companions had nearly reached the end of the trestle, and that one of the children had gotten off; and that the deceased, with the other child in his arms, was within thirty feet of a point of safety when struck by the engine.  In paragraph 7 it is distinctly alleged that the engineer, seeing the efforts that they were making to get off the trestle before the engine reached them, supposed that they would succeed; and it also affirmatively appears that he endeavored to check the speed of his train, in order that the deceased and the children might escape, the petition adding that "the rapid speed of the train rendered the effort of said engineer futile." The plaintiff's petition must be taken most strongly against her; and so construing it, we do not see how it could be held that if the engineer supposed that the parties on the trestle would have time to reach the end of it in safety, and, upon seeing that they would not, made every effort to check the speed of his train so as to avoid striking them, there was any element of wantonness in his act. These allegations seem to us to negative any idea of wilful and wanton negligence in the killing; and the mere use of the words, "negligently, carelessly, and wantonly," does not cure the defect in the petition.  The fact that, owing to the swollen condition of the river, it was impracticable for the deceased to reach his home by means of a boat does not render him any the less a trespasser upon the right of way of the defendant, nor does it render any the less negligent his venturing upon a trestle four miles long, burdened down with the care of two small children.  It is also fairly inferable from the petition that the deceased lived near enough to the railroad track to have been familiar with the schedules of the trains of the defendant, and it would seem that in going upon the trestle he deliberately took the chances of meeting with a train while in that perilous position.  It was certainly a lack of ordinary care on his part, and, in the absence of a showing of wanton negligence on the part of the servants of the defendant, his estate would be precluded from a recovery, under the laws of South Carolina. See Smalley v. Southern Ry. Co. (S. C.), 35 S. E. 489 ; Cooper v. R. Co. (S. C.), 34 S. E. 16 ; Jones v. R. Co. (S. C.), 39 S. E. 761. It follows that the general demurrer to the petition should have been sustained.  *Judgment reversed.  By five Justices.*