6721

### COOPER v. ATLANTIC COAST LINE RAILROAD CO.

1. PLEADINGS.—No APPEAL lies from refusal to strike out allegations in a pleading as irrelevant or redundant.
2. IBID.—DEFINITE AND CERTAIN.—In a pleading only the facts which are but the logical conclusion of other facts should be stated. An allegation that "the conductor invited and encouraged plaintiff to jump from the train" is proper, as facts upon which this conclusion is based are evidentiary.
3. CARRIER—PASSENGER—NEGLIGENCE.—IF A RAILROAD COMPANY in anyway had notice that one entering its passenger coach did so for the purpose of assisting a passenger on the car, it owes him the duty of giving him sufficient time to disembark. That such person in attempting to disembark met the conductor on the platform, who urged him to get off, together with the surrounding circumstances in this case, is some evidence on the issue of negligence on the part of the carrier.
4. IBID.—IBID.—This Court cannot conclude as matter of law that one is guilty of negligence in jumping from a passenger train which is just leaving a regular passenger station in the night time.
5. NEW TRIAL.—This Court cannot consider whether a verdict is capricious and contrary to the weight of the evidence.
6. REHEARING refused.

Before PURDY, J., 1905, and GARY, J., April term, 1906, Sumter. Affirmed.

Action by J. Witherspoon Cooper against Atlantic Coast Line R. R. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox* and *Mark Reynolds,* for appellant. *Messrs. Willcox & Willcox* cite: *The appellant*

*was under no duty to hold the train until plaintiff could go in the car and disembark:* 53 S. C., 203; 29 Am. St. R., 48; 66 Am. Dec., 406; 84 Ga., 1; 64 Wis., 652; 6 Cyc., 615, and note 68; 61 S. C., 351; 56 S. C., 91; 69 S. C., 479; 72 N. E., 66.

*Messrs. Lee & Moise,* contra, cite: *Order refusing to strike out allegations is not appealable:* 74 S. C., 13; 42 S. C., 547; 60 S. C., 521. *Points decided in a case on appeal are res judicata in another appeal:* 37 S. C., 135; 50 S. C., 319. *Alleging an "invitation" alleges a fact:* 35 S. C., 399; Moor. Dig., 901. *The facts upon which it is based are evidentiary:* 65 S. C., 227; 66 S. C., 12; 67 S. C., 124; 74 S. C., 430; 56 S. C., 91; 69 S. C., 479.

The opinion in this case was filed June 4, 1907, but remittitur held up on petition for rehearing until

December 14, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was commenced by the plaintiff in April, 1903, to recover damages for personal injuries sustained in alighting from defendant's train, caused, as alleged, by the negligence of defendant company in the following particulars: 1st, in that the train did not stop long enough to enable plaintiff to accompany his daughter on board and alight therefrom with safety; 2d, that the statutory requirement that the company shall cause all of its trains for passengers to stop for a sufficient time to receive and let off passengers was not observed; and 3d, that the conductor in charge of defendant's train encouraged and invited the plaintiff to alight. On a former appeal this Court overruled the judgment of the Circuit Court sustaining a demurrer by defendant. 69 S. C., 479.

The facts are as follows: On December 28, 1902, plaintiff's daughter, a young girl, wishing to go from Mayesville, her home, to Sumter, S. C., plaintiff bought for

her a ticket entitling her to passage. The train was due at
Mayesville at 9 o'clock p. m., but on the night in question
was about an hour late. On its arrival, in order to help his
daughter with her baggage and to see her safely on the
train, plaintiff got on board and, according to his testimony,
passed through the smoker to the door leading into the main
body of the passenger coach, where he bade his daughter
good-by and at once proceeded to disembark. Before he
reached the platform, however, the train had started, and in
his endeavor to get off, while it was in motion, he fell or was
thrown to the ground, thereby sustaining the injuries com-
plained of. The plaintiff testified the conductor was on the
platform and encouraged him to jump. The conductor ad-
mitted his position on the platform, but denied that he
noticed the plaintiff or in any way encouraged the act. Prior
to the trial of the case, defendant gave notice to the plaintiff
that a motion would be made before Judge R. O. Purdy to
strike out as irrelevant and redundant, or failing in that, to
make more definite and certain, the following statements
from paragraphs five and six, respectively, of the complaint:
"But on the contrary, then and there encouraged the plain-
tiff to get off said train whilst in motion, whereby the plain-
tiff received serious personal injuries as aforesaid." "That
he was encouraged and invited by the agents and servants
of the defendant to get off of the train in the manner afore-
said." The ground for the motion was that these clauses
stated a legal conclusion, and the issue formed by its denial
could have no connection with it or effect upon the cause of
action. The motion was overruled in both particulars and
the defendant gave notice of appeal to this Court. The case
on its merits was heard at the April, 1906, term of Court of
Common Pleas for Sumter County, and resulted in a verdict
of five hundred dollars for the plaintiff. Judge Gary, the
presiding Judge, having refused a motion for a new trial,
the defendant appeals.

The first question that arises is whether or not this Court
can consider the appeal from the order of Judge Purdy

refusing to strike out the above quoted sections of the complaint as irrelevant and redundant. By reference to section 11, subdivision 2, of the Code of Procedure, it will be seen that while appeal is allowed where the order strikes out any pleading, or part thereof, no provision is made for appeal in case of refusal to strike out. In speaking on this subject, in the case of *Harbert* v. *Railway*, 74 S. C., 14, 16, the Court says: "The omission to provide for appeal from an order refusing to strike out is significant, and there is good reason for it. If the Circuit Court errs in striking out any material allegations of a good cause of action or good defense, it is impossible to remedy it in the course of the trial, because the evidence and the issues submitted to the jury cannot be extended beyond the issues made by the pleadings, and on appeal from the final judgment this Court could not say there was error of law in confining the evidence and charge to the pleadings. On the other hand, if the Circuit Court errs in refusing to strike out any pleading or portion of pleading as irrelevant, the error of submitting an irrelevant issue to the jury may be corrected on appeal from the charge actually made, or from refusal of requests to charge. This view of the matter impairs no substantial right and prevents multiplicity of useless appeals and the delay and inconvenience which would be incident thereto." By omitting to allow appeal from refusal to strike out, it was not intended to give the Circuit Judge arbitrary power in the matter; the purpose was to save inconvenience and delay. While it was probable that at times Judges would err in refusing to strike out irrelevant and redundant matter, yet after the whole case had gone to the jury, if the moving party felt himself hurt thereby, as in the case of a wrong charge, or a wrong refusal to charge, he could on his general appeal to this Court have it reviewed.

In this case, however, the appellant seems not to urge the alleged error in refusing to strike out, but relies on the ground that the complaint should have been made more

definite and certain. The complaint alleged that the conductor "invited and encouraged" plaintiff to jump from the train. We are unable to see where the conclusion of law comes in, or where the allegation is indefinite and uncertain. In a pleading, the facts which are but the logical conclusion from other facts must be stated; and the facts from which they are inferred are but evidence, not to be pleaded. This is the essence of proper pleading. Here the invitation is a fact drawn from words, conduct, etc. Had the plaintiff undertaken to put into his complaint all of the evidentiary facts, such, for instance, as the words and gestures used, the surroundings, the position and bearing of the conductor, he must have gone far beyond the usual and proper mode of pleading. These facts were the evidence to be brought out on the trial of the cause. The invitation was the ultimate, material fact to be proved. The motion of the defendant, therefore, was properly overruled. Bliss on Code Pleading, sec. 210; Pomeroy's Remedies, sec. 526; *Shaver* v. *Grendel Mills,* 74 S. C., 430; *Lynch* v. *Spartan Mills,* 66 S. C., 17, 44 S. E., 93.

We proceed now to consider whether or not the Circuit Judge erred in refusing to grant a new trial. While there are a number of alleged errors in the refusal, we think they raise only three questions: 1st. Was there any evidence of negligence on the part of the defendant? 2d. Did the evidence conclusively show the plaintiff guilty of contributory negligence? 3d. Was the verdict capricious and contrary to the weight of the evidence?

A consideration of the first question leads to the inquiry, what was the duty of the defendant to the plaintiff as one assisting a passenger? Clearly he was not a trespasser; yet it is true that the same duty was not due him as to a regular passenger. As was said by the Court in the case of *Lawton* v. *Railway,* 29 Am. St., 48, 51: "It is a matter of common knowledge that, in the usual conduct of the passenger business, it often becomes necessary for those not passengers to go upon the cars to assist incom-

ing as well as outgoing passengers, and that a practice has grown up in response to this necessity. While it, perhaps, arose out of a consideration for the security and convenience of the traveler, it has proved beneficial to carriers, and now prevails in this State and extensively elsewhere, and is treated as an incident to the business in the conduct of the public and the acquiescence of carriers. * * * We conclude that such attendant performs a service in the common interest of the carrier and passenger, and that his entry upon a car is upon an implied invitation which entitles him to demand ordinary care of the carrier." In a note to this same case, Mr. Freeman says: "The weight of authority undoubtedly sustains the proposition that a person who resorts to the station or railroad cars of a railroad company for the purpose of assisting an incoming or an outgoing passenger is there under the implied invitation of the company, and is not a trespasser. But unless the company or its employees have notice of his purpose to assist a passenger to a seat only, or his intention to merely assist a passenger to alight from the train, it is not under the same obligation, as to protection, that it owes to the passenger, and it is only bound to exercise ordinary care not to injure him while he is attempting to alight from the train."

Hutchinson in his work on Carriers, section 991, lays down the same rule, and quotes many authorities in support of it. He says: "So one who goes upon a train to render necessary assistance to a passenger, in conformity with a practice approved or acquiesced in by the carrier, has a right to render the needed assistance and leave the train; and the carrier, in permitting him to enter with knowledge of his purpose, is presumed to agree that he may execute it, and is bound to hold the train a reasonable time therefor. * * * Where the carrier's servants have no knowledge, or there are no circumstances tending to put them on notice that a person who has boarded a train to assist another intends to alight before the train starts, they are not bound to hold the

train until he has had time to disembark, nor to notify him before the train is started."

Again, in the case of *Johnson* v. *Railway,* 53 S. C., 203, 206, 31 S. E., 212, the Court uses this language: "There can be no doubt that a female holding a ticket entitling her to transportation as a passenger on a railroad train, if feeble or incumbered with heavy baggage or other impediments, is entitled to have assistance in boarding the train, and if the same is not afforded by the railroad officials or servants, her husband or other escort may render the necessary assistance, and for this purpose is entitled to enter the train, and is entitled to a reasonable time to leave the train before it is put in motion. Both reason and authority unite in sustaining this proposition, * * *," provided "the defendant or its agents have notice of the purpose for which such person enters the train."

From the foregoing authorities it seems clear that the defendant, if it in anyway had notice of the intention with which plaintiff entered its train, owed him the duty of giving him sufficient time to disembark. Of course, if it could not possibly have had such knowledge, it would be unreasonable to hold that such a duty existed. All that the statute requires is that sufficient time be allowed for the passengers to get on and off at the station, and if this is allowed no one has a right to complain. In this case every witness who boarded the train testified that it came to a standstill and that he was seated before it moved off. The question then is, was there any evidence that defendant had notice. Plaintiff's testimony is that as he returned to the platform he found the conductor there and was urged by him to get off. The conductor, himself, testified that he was on the platform. This, together with evidence of the surrounding circumstances, was sufficient to go to the jury on the issue of negligence on the part of the defendant.

The second alleged error in refusing to grant a new trial was that the testimony showed conclusively that plaintiff's injuries were due to his own negligent act in jumping from

the moving train.    In the case of *Cooper* v. *Railway,*
56 S. C., 91, 34 S. E., 16, the rule is laid down that
it is not negligence, as a matter of law, for a pas-
senger to alight from a moving train on invitation of the
carrier's agents, unless the circumstances are such as to
make the danger of alighting obvious to a person of ordi-
nary prudence and senses.    Were the circumstances such in
this case?    It is true it was in the night, but would not a
reasonable and prudent man here have reached the conclu-
sion that the train was moving very slowly, having just
started?    Would not he have a right to believe that, being
at a regular station, his landing would be safe and smooth?
Under such circumstances we cannot conclude, as a matter
of law, that the plaintiff was negligent in jumping from the
train.    This contention, therefore, must be overruled.

The whole question of negligence and contributory negli-
gence was properly submitted to the jury; and a
verdict having been reached, this Court cannot con-
sider whether it is capricious and contrary to the
weight of the evidence.    *Blowers* v. *R. R.,* 74 S. C., 222.

It is the judgment of this Court, that the judgment of the
Circuit Court be affirmed.

December 14, 1907.    PER CURIAM.    After a careful con-
sideration of the petition herein, this Court is satis-
fied that no material matter of fact or issue of law
has been overlooked.

It is, therefore, ordered that the petition be dismissed and
the order heretofore granted staying the remittitur be
revoked.