8507

### WISE v. COLUMBIA RY., GAS & ELECTRIC CO.

1. CARRIER—PASSENGER.—Where it is in issue whether a plaintiff was a passenger at the time of his injury, it is a charge on the facts to instruct the jury that a presumption of negligence arises from an injury to a passenger by an instrument or agency of the carrier.

2. IBID.—IBID.—NEGLIGENCE.—It is error to charge that the *slightest negligence* on part of plaintiff would prevent a recovery of the carrier as there is no fixed standard of ordinary care.

3. IBID.—IBID.—IBID.—In this case the jury should have been charged, that if boarding a car from the wrong side would be apparently dangerous to a person of ordinary care, it would be negligence.

4. IBID.—IBID.—One attempting to board a street car at an usual stopping place without giving signal or notice of intention of becoming a passenger, does not thereby become a passenger.

5. IBID.—IBID.—In this case it was proper to refuse nonsuit moved on the ground that the only inference to be drawn from plaintiff's evidence was that she attempted to board a moving car from the wrong side, encumbered with packages and her negligence contributed as a proximate cause to her injury.

Before SPAIN, J., Richland, Spring term, 1912. Reversed.

Action by Sallie B. Wise and her husband, C. C. Wise, against Columbia Railway, Gas and Electric Company. Defendant appeals.

*Messrs. Elliott & Herbert,* for appellant, cite: *Charge as to presumption from injury to passenger does not apply when there is a dispute as to whether plaintiff was a passenger:* 9 Rich. 48; 77 S. C. 434; 83 S. C. 53. *Any negligence on the part of the injured party contributing to the accident would defeat a recovery:* 56 S. C. 95; 30 S. C. 613; 56 S. C. 94. *Duty of Court to grant nonsuit:* 77 S. C. 328.

*Messrs. George Bell Timmerman* and *F. G. Tompkins,* contra. *Mr. Tompkins* cites: *The word plaintiff in the charge is used inadvertently for passenger and Judge's attention should have been called to it:* 81 S. C. 1; 87 S. C. 210. *Requests should have been submitted to cover principles contended for by appellant:* 84 S. C. 1; 81 S. C. 161; 78 S. C. 252, 537. *There are only two degrees of negligence, ordinary and gross:* 128 N. W. 265; 22 Wis. 675; 84 S. C. 416, 568.

April 4, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for personal injuries. The plaintiff alleges that the defendant operates a street car line in the city of Columbia; that on or about November 3, 1909, during the afternoon of said day, the

plaintiff, Mrs. Sallie B. Wise, presented herself on the corner of one of the said streets, between Blanding and Gervais streets, and together with her friends, notified the motorman that they desired to board one of the cars of said defendant, and when the said car reached the said crossing, the same was duly stopped for taking on and putting off such passengers as presented themselves; that when the plaintiff was in the act of boarding the car, in full view of the conductor, and without any notice to her the said car was negligently and carelessly caused to move rapidly forward, thereby causing the plaintiff to be thrown from the car and dragged some twenty-five or thirty yards, and finally thrown violently to the ground and injured; that by reason of the dragging and falling to the ground, the plaintiff was injured to her damage. The defendant, by way of answer, put in practically a general denial; pleaded that the injury, if any, was due to the plaintiff's own negligence, and pleaded contributory negligence. The trial resulted in a verdict for the plaintiff for four hundred dollars, judgment entered on the verdict and defendant appealed on six exceptions. These are grouped by the appellant and we adopt his grouping.

Exception 1. "Because his Honor erred in charging plaintiff's eighth request, as follows: 'I charge you that if the plaintiff was injured by means of any of the agencies or instrumentalities in the charge or control of the defendant company or its servants, as alleged, then there arises a presumption that in causing such injury the defendant was negligent.' The error being that such presumption does not arise until it is shown that the relation of carrier and passenger exists, and that one of the contested issues in the case is whether or not plaintiff was a passenger. His Honor's charge, therefore, took from the jury this issue and was an instruction on the facts.

Exception 2. "Because his Honor erred in charging plaintiff's tenth request, as follows: 'I charge you that this presumption of negligence, arising from the mere fact of injury

to plaintiff due to some agency or instrumentality under the charge or control of the defendant, continues throughout the trial of the cause, and it becomes the duty of the defendant company to rebut such presumption, if it can.' The error being that no presumption of negligence arises until a passenger is injured through some agency or instrumentality in charge of the carrier, and whether or not the plaintiff in this case was a passenger was one of the points at issue in the case, and his Honor, by his charge, erred in taking this issue from the jury."

These exceptions must be sustained. The charge assumed that plaintiff was a passenger. The defendant denied that the plaintiff was a passenger and these instructions were on the facts.

Exception 3. "Because his Honor erred in refusing to charge, as follows: '2. Even if you should find that defendant was negligent; if you should find that plaintiff was also guilty of even the slightest negligence in the manner in which she attempted to board the defendant's car, which contributed as a proximate cause to her injury, she cannot recover. 3. If plaintiff was guilty of any negligence whatever, even the slightest, she cannot recover, if such negligence was one of the proximate causes of the accident, and this is true although you should find the defendant was guilty of negligence.' The error being that said requests contained correct propositions of law and were intended to convey to the jury that the doctrine of comparative negligence does not exist in South Carolina, and that his Honor failed to give the instruction to the jury to which the defendant was entitled."

These exceptions can not be sustained and are overruled. (Appellant says that there was error in printing the exceptions in the case and we take his exceptions as he says they ought to be.) The error, complained of, is in not charging the jury that *"the slightest negligence"* on the part of the plaintiff will defeat recovery. This is misleading. The

jury might have inferred that the plaintiff, being responsible for the "slightest negligence," is required to exercise the highest degree of care. Contributory negligence to defeat a recovery is the want of ordinary care. There is no exact standard by which ordinary care is to be determined. Unless there was a fixed standard, the slightest variation can not be measured.

Exception 4. "Because his Honor erred in declining to charge defendant's fifth request to charge, as follows: 'If the danger of boarding a moving car on the wrong side would be apparent to a person of ordinary care, and plaintiff did so at the time alleged, then I charge you that plaintiff was guilty of negligence, as a matter of law, and if such negligence contributed to the accident as a proximate cause, she cannot recover.' The error being that said request contained a correct proposition of law and the defendant was entitled to have said request charged, since to do some act the danger of which would be obvious to a person of ordinary care is negligence, and if such negligence was the proximate cause of the accident plaintiff cannot recover, and his Honor thereby deprived the jury of an instruction which would have enabled .hem to arrive at a correct judgment."

This exception is sustained. To do a thing that is obviously dangerous is negligence. *Cooper* v. *Railway*, 56 S. C. 94, 34 S. E. 16. To board a moving car is not negligence *per se,* but if it is obviously dangerous to do so, then it is negligence.

Exception 5. "Because his Honor erred in qualifying defendant's seventh request to charge, as follows: '7. If a person has given no notice or signal or indication of intention to become a passenger, then until such notice is given the carrier owes such person only the duty of ordinary care. I charge that with this qualification: Provided, The person is not attempting to board at a usual stopping place.' The error being that the charge, as

requested by defendant, contained in all respects a correct proposition of law, and that in qualifying it his Honor misled the jury and instructed them that if a person attempts to board a car at a usual stopping place, even without notice, signal or indication, that such person becomes a passenger and is entitled to the highest degree of care."

This exception must be sustained. There was evidence that while it was usual to stop at street crossings, yet the rules did not require it unless there was some one there to board the car, who gave some sort of signal. This modification made the necessity to stop at all crossings absolute whether there was any signal or not.

Exception 6. "Because his Honor erred in declining the motion of defendant for a nonsuit, at the close of plaintiff's testimony, on the ground that the only inference properly deducible from plaintiff's evidence was that she, while encumbered with packages, attempted to board a moving car on the side on which the side bar was down, and that she was, therefore, guilty of negligence, as a matter of law, which contributed as a proximate cause to her injury, and that she could not, therefore, recover. The error being that where no other inference is deducible from plaintiff's testimony than that she contributed to her accident by her own negligence, as a proximate cause, that she cannot recover, and his Honor should have granted the nonsuit for said reason."

This exception can not be sustained and is overruled. The appellant in his argument states with great clearness the following: "In all cases of this kind the facts in each case must control, and the surrounding circumstances must govern." That is true, but the facts and circumstances were for the jury.

The judgment of this Court is that the judgment appealed from be reversed and the case remanded for a new trial.

MR. CHIEF JUSTICE GARY *concurs in the result.*