*Edwards & Edwards, C. N. Driver, I. N. Chency,* for defendant.

---

## 13922. SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* GRIFFIN.

This case is controlled by the ruling in *Sovereign Camp Woodmen of the World* v. *Ricks*, 26 Ga. App. 374 (106 S. E. 185). In that case it was held that the express terms of the identical insurance contract, providing, as here, that the insured, within 30 days after entering upon certain kinds of described military service, should notify the home office of the society of such fact, and pay directly to it a prescribed additional war-risk premium, could not be waived by the local agent of the society. The principle of estoppel, although not specifically dealt with in what was said in the *Ricks* case, can not operate to change the effect of the ruling there made.

DECIDED APRIL 18, 1923.

Action on insurance policy; from Calhoun superior court — Judge Custer. August 8, 1922.

*L. L. Moore, Alfred R. Kline,* for plaintiff in error.

*A. L. Miller, Glessner & Collins,* contra.

JENKINS, P. J. The judgment entered by the trial judge was in terms as follows: "The evidence considered, the court holds as a matter of law that the defendant is estopped by reason of the laws of the order as appearing in section 113 thereof, whereby the clerk of each camp is required to forward a detailed statement of the standing of the members in the camp as shall be required for the information of the Sovereign Clerk, upon blanks furnished for

that purpose. It having been made to appear that the status of the insured as a member of the United States Army had been specifically made known to the clerk of the local camp, and that the defendant is estopped to deny proper payments having been made, and judgment is hereby rendered in favor of the plaintiff, Mrs. Clyde Griffin, and against the defendant, Sovereign Camp Woodmen of the World, for seven hundred twelve and 50/100 dollars principal, one hundred one and 21/100 dollars interest to this date, and all future interest at 7% per annum, and $ — costs of court." Section 113 of the laws of the order, referred to in the judgment, is as follows: " On or before the fifth day of every month, the clerk of each camp shall cause a warrant to be drawn on the banker of his camp, signed by himself and the Consul Commander, for all the Sovereign Camp funds in the hands of the banker then due the Sovereign Camp, and forward said funds and all other funds due the Sovereign Camp to the Sovereign Clerk. Such amounts shall be remitted in money order, or bank draft, with exchange, payable to the order of the Sovereign Banker. Accompanying such remittances, the clerk shall also forward such detailed statement of the standing of the members in the camp as shall be required for the information of the Sovereign Clerk, upon blanks furnished for that purpose."

It is contended that the ruling made in the *Ricks* case, supra, is not controlling, since it does not specifically deal with the principle of estoppel as here invoked. It appears that, under the express terms of the insurance contract, the notice required to be given by the insured of his assumption of military duties, and the special premium to cover such extra risk, were each to be sent by the insured direct to the Sovereign Clerk at the home office of the society. Under the terms of the agreement the local clerk was unauthorized either to accept such notice or to receive such special premium. The provision of section 113, requiring a monthly statement of the standing of local members, could not, therefore, have any possible reference to the payment or non-payment of such special war-risk premiums, with the collection of which the local clerk was in no wise concerned. The record shows that, so far as all assessments collectible by the local clerk were concerned, the insured was in good standing, and the record fails to indicate any notice to or knowledge by the home office that the insured

was engaged in military service which he had failed to report to the home office and to provide for by payment to it of the special premium as required by the terms of his contract. Since the provisions of section 113 do not provide for a report by the local clerk of any payments other than such as were properly payable to him, and as a report, made in accordance with the terms of such rule, could only indicate the standing with reference to the ordinary dues payable to the local clerk, the society could not be estopped, under the terms of such rule, on account of the act or knowledge of its local agent, when by the express terms of the insurance contract it was plainly provided that the insured must himself bring such knowledge directly to the principal. See Civil Code (1910), § 5737, and Park's Annotated Code (1914), § 2564 (jj). The judgment of the trial court in favor of the plaintiff is reversed, with direction that, under the agreed statement of facts, the principal sum of plaintiff's recovery be limited to such proportion of the amount called for by the certificate as the period the insured "has lived since becoming a member bears to his expectancy of life at the time of becoming such member, determined by the National Fraternal Congress Table of Mortality," as set forth by the terms of the policy.

*Judgment reversed, with direction. Stephens and Bell, JJ., concur.*