1. Where, as here, there is evidence that, at the time of an automobile collision, a policy of insurance which had previously covered the automobile had been canceled in accordance with its terms, a verdict finding no liability on the policy is authorized. See Code, § 56-213.
2. Where, as here, a policy of insurance has been canceled in accordance with its terms, for the non-payment of premiums, and subsequently the previous insured pays a sum of money to an employee of the agent of the insurer equivalent to the premium which had been due prior to the cancellation of the policy, and such employee, without knowledge of the fact that the policy had been canceled and was no longer in existence, accepts such sum, and the agent of the insurance company, immediately thereafter and upon determining the fact of cancellation, refunds the *Page 709 
sum in question, this does not amount to a reinstatement of the canceled policy. See 45 C. J. S., "Insurance," § 637.
3. All of the special assignments of error in the amended motion for a new trial are incomplete and not understandable within themselves, in that they fail to show the nature of the alleged errors. They therefore present no question for decision by this court, and this point is insisted upon by counsel for the defendants.
4. The judgment of the trial court overruling the plaintiff's motion for a new trial as amended is without error.
Judgment affirmed. MacIntyre P. J., and Gardner, J.,concur.
 DECIDED JULY 16, 1949.
The plaintiff in error, J. E. Carroll, herein called the plaintiff, filed suit in the Civil Court of Fulton County against the defendants in error, Garlington-Hardwick Company and Indemnity Insurance Company. The petition alleges substantially: that the plaintiff purchased an automobile liability-insurance policy from the defendant insurance company through its agent, Garlington-Hardwick Company, on August 11, 1944; that he received renewals of said policy each year up to and including 1947, which he paid for at his convenience; that at no time were the premiums on the policy paid on the date of issuance thereof; that the premiums were always accepted when tendered, which amounted to a departure from the terms of the contract; that neither of the defendants ever notified the plaintiff of their intention to rely on the strict terms of the contract; that on February 22, 1947, the plaintiff paid the defendant Garlington-Hardwick Company the amount that had become due on said policy on August 11, 1946; that prior thereto the plaintiff had a collision with the automobile on which he was sued for $31,000; that the plaintiff notified the defendants of said collision and suit, but they declined to defend the action in keeping with the policy of insurance, but on the contrary had their attorney notify the plaintiff that the policy had been canceled January 14, 1947; that the plaintiff was put to expenses of $1000 for attorney fees; that a judgment was obtained against him in the sum of $750 principal, $30.35 court costs; and that the plaintiff is entitled to recover this amount together with penalties thereon as provided by law.
The defendants filed an answer, in which the material allegations *Page 710 
of the petition are denied, and for further answer say that they are not liable because they contend that the policy of insurance in question was of no force and effect on February 10, 1947, the date on which the plaintiff had the collision which resulted in the judgment against him; that, under condition "L" of the policy, the defendants notified the plaintiff by letter dated January 11, 1947, and received by the plaintiff January 14, 1947, advising him that, unless the premium was paid within 5 days from receipt of the letter, the policy would be canceled; that the plaintiff failed to pay the premium, and the policy was canceled on January 19, 1947, and was never thereafter reinstated or renewed.
Construing the evidence in its light most favorably to support the verdict, the jury was authorized to find facts substantially as follows: that Garlington-Hardwick Company was the agent of the insurance company, and not of the plaintiff; that on August 11, 1946, an automobile liability-insurance policy was issued to the plaintiff by the defendant insurance company through the other defendant, its agent; that this was the renewal of a policy previously issued and extended from August 11, 1946, to August 11, 1947; that monthly statements were sent to the plaintiff by the defendant agent for the premium, and that the same was not paid as of January 11, 1947, on which date the defendant agent forwarded the plaintiff a letter by registered mail signed by it as agent for the defendant insurance company, notifying the plaintiff that the premium on this insurance policy remained unpaid, and that in accordance with the terms and conditions of said policy the same would be canceled without further notice and all liability thereon would cease if the premium was not paid within five days; that the plaintiff received this letter and executed a return receipt therefor; that the premium was not paid in accordance therewith; that on January 19, 1947, the policy was canceled in accordance with paragraph "L" thereof, which provides as follows: "This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice, and the effective date of cancellation stated *Page 711 
in the notice shall become the end of the policy period"; that the policy was not thereafter reinstated or renewed; that on February 10 the plaintiff had a collision with the automobile which had previously been covered by this policy; that on February 22, 1947, the plaintiff went to the office of the defendant agent and paid a sum of money equivalent to the premium on the policy of insurance at the time of its existence, which was accepted by an employee of the defendant agent; that thereafter, upon discovering that the policy of insurance had been canceled prior to the payment of this money by the plaintiff, the defendant agent refunded the sum represented by this check; that thereafter the plaintiff was sued in connection with the collision of February 10, and a judgment was returned against him for $750 plus $30.35 costs; that reasonable attorney's fees for the defense of this action were $500; that upon this suit being filed, the plaintiff notified the defendants to defend the same; and that the defendants declined to do so on the ground that the plaintiff was not covered by any insurance policy upon which they had any liability.
The trial court did not submit the case of the defendant agent to the jury, but the case against the insurance company was submitted to the jury, and the verdict was in favor of the insurance company.
The plaintiff filed a motion for a new trial on the general grounds, which was later amended by adding four special grounds. The exception is to the judgment overruling the motion for a new trial as amended.