## 20756. ROSENHOFF *v.* SCHAUL.

DECIDED FEBRUARY 18, 1931.

*Lawrence & Abrahams,* for plaintiff in error.

*McIntire, Walsh & Bernstein,* contra.

BELL, J. (After stating the foregoing facts.) The only ground of special demurrer specifically referred to in the brief of counsel for the plaintiff in error was aimed at the allegation that the plaintiff requested permission to sit on the front seat with the defendant, who was driving the automobile, and that her request was refused. The demurrer questioned the relevancy of this averment to show gross negligence on the part of the defendant. We think the allegation was pertinent to illustrate how intently he was engaged in conversing with the person already seated with him, when he should have been giving more attention to the operation of the vehicle. There was no merit in any of the grounds of special demurrer.

The real and controlling question in the case was raised by the general demurrer, and is whether the petition alleged such facts as would authorize the inference that the plaintiff's injuries were caused by gross negligence on the part of the defendant. The petition proceeds upon the theory that the plaintiff was seated in the rear of the automobile driven by the defendant, in the front seat of which was another passenger with whom the defendant was constantly, if not persistently, engaged in conversation; that the defendant kept turning around from time to time to watch another automobile that was trailing him, all the time driving with one hand while holding in the other a cigar that he was smoking; that it was growing dark and was raining, and that the road was very slippery; that the plaintiff warned the defendant, about two minutes before the collision, to "turn around and look at his wheel;" and that because of his inattention the defendant failed to see "an automobile coming towards him from the opposite direction until the said automobile was just about five feet away from him," although at the rate of speed he was traveling, and with the "bright lights" on his car, he should have observed the roadway "at least 50 to 100 feet ahead of him, and if he had done that and had observed the other car from that distance, he could have blown his horn or stopped his car or both, and easily have avoided the collision."

Questions of negligence and diligence, even of gross negligence

and slight diligence, usually are matters to be determined by the jury, and this is not one of those plain and indisputable cases in which the court may solve the question as a matter of law. A cause of action was stated, and the general demurrer was properly overruled. See, in this connection, *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297); *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256); *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (136 S. E. 96); *Hall* v. *Slaton*, 38 *Ga. App.* 619 (6) (144 S. E. 827); s. c. 168 *Ga.* 710 (148 S. E. 741), 40 *Ga. App.* 288 (149 S. E. 306); *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (2) (152 S. E. 116); *Meddin* v. *Karsman*, 41 *Ga. App.* 282 (152 S. E. 601); *Luxenburg* v. *Aycock*, 41 *Ga. App.* 722 (154 S. E. 460); Terlizzi *v.* Marsh, 258 Mass. 156 (154 N. E. 754).

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. I feel constrained to differ with my colleagues on the conclusion arrived at by them in this case. Of course I recognize that questions of diligence and negligence, including the degree of negligence, as well as whose and what negligence constitutes the proximate cause of an injury, are ordinarily questions for the jury. This plaintiff, however, being a mere invited guest, and thus engaged with the defendant in a joint enterprise, must show not only negligence, but gross negligence, in order to recover at all. "Gross negligence is the want of that care which every man of common sense, *how inattentive so ever he may be,* takes of his own property." (Italics mine.) Civil Code (1910), § 3473. In this case the collision occurred while the defendant was driving his care on a country road with the plaintiff as his invited guest. There is no allegation that the defendant was driving at an unlawful or dangerous rate of speed, or that he did not have proper lights on his car, or that he was intoxicated, or that he did not occupy the proper part of the road at the time of the accident, nor is there any other charge of negligence set up than the more or less indefinite criticism of his smoking, and talking, and keeping track of a car following in the rear; all such alleged acts of negligence being such as might be honestly magnified or imagined and charged against any host of an invited guest. In my opinion, if the allegations as made herein are sufficient to enable a guest to recover against her host on the grounds of gross negligence, then the doors

are hereafter swung wide open for a recovery in almost any and all cases of accidents to persons occupying that relationship. But I am especially led to a conclusion contrary to that expressed in the main opinion for the reason that it indisputably appears to me that the proximate cause of the injury was the plain and palpable gross negligence of the driver of the other car.

According to the allegations in this case, the accident occurred at a time when the plaintiff's host was driving the car at a "fair" rate of speed, in the correct position as to the road, that is, on the right-hand side, with the lights of his car burning brightly, and that while it was raining and growing dark he was suddenly hit by a Ford car coming in the opposite direction, in the wrong position as to the road, apparently without lights; and while it is alleged that the approaching Ford car was traveling at a "fair" rate of speed, according to the allegations it was coming at such speed and with such momentum as to turn the defendant's car over several times. Whether the defendant's car was heavy or light is not stated. It is not alleged that there was any embankment or any other cause than the force of the impact of the oncoming Ford car to cause such a result, and it therefore appears that the "fair" rate of speed of the Ford car must at least have been a high rate of speed, and much greater than that of the defendant's car, in order to have developed a momentum sufficiently powerful to knock the defendant's car over several times. According to the allegations of the petition, which, as is well known, must be construed most strongly against the plaintiff, the defendant could not even have seen the rapidly approaching unlighted car in the rain and growing darkness until it was within fifty or a hundred feet. Whether the accident was on a curve or not is not alleged; and no intimation is given as to how far back the defendant could have observed, in the darkness and rain, that the onrushing and unlighted car was off the proper side of the road. Taking the allegation most strongly against her, and assuming that the car could only have been seen at all at a distance of fifty feet, and even assuming that the "fair" speed of the Ford which caused the defendant's car to turn over several times, presumably on a level surface, was not over thirty miles an hour, and assuming that the defendant's car was also traveling at a similar "fair" rate of speed (and it is necessary to assume, as best we can, from the allegations, as the petition entirely fails to

set forth or estimate the actual speed of either car), it appears that in the intervals between the time the defendant could have seen the approaching car, and the time of the impact, was about a half of one second, or, to be exact, about five ninths of one second. It scarcely seems possible under these conditions that the defendant could have blown his horn, or if he had, that it could have helped matters, or that he could have avoided the collision with the approaching reckless driver. That the other driver was reckless is plainly manifested by the fact that he was not driving on the portion of the road to which he was entitled, and, although it was raining and growing dark, was driving at what was necessarily a great rate of speed, presumably without lights. It therefore appears to the writer that the plain and indisputable cause of the collision was the reckless conduct of the oncoming driver. Nor does it seem that the defendant was guilty of any sort of negligence contributing to the injury, certainly not such gross negligence as would entitle an invited guest to recover. To my mind the alleged negligence of the defendant does not in any way connect him with the accident; and I am unable to bring myself to the conclusion that an invited guest, riding apparently alone on the back seat, can recover damages growing out of the collision because the host did not permit her to crowd herself into the front seat in which there were already two passengers, on the theory expressed by my colleagues that such refusal indicated the intentness with which the two front-seat passengers were conversing; nor would it seem that she would be entitled to recover of her host on the theory that he should remain dumb while driving, with his eyes glued to the road ahead all the while, with both hands continuously on the steering gear, and refrain from smoking throughout the journey.

As the case presents itself to me, the only semblance of an allegation containing any sort of merit whatever is that in which petitioner says that the defendant was continually looking back watching a car following him, and that about two minutes before the accident she had cautioned him not to do so. Whether in this respect the "back-seat driver" was correct or not, or whether or not proper prudence required that the driver keep in touch with the car that was following him, in order to avoid contact with it, I do not presume, as a matter of law, to say, but it appears that this occurred two minutes before the accident, and there is nothing

whatever to indicate that the driver was looking back at the time the accident actually occurred. Accordingly, as I see the case, it appears that the accident was undoubtedly brought about by the gross negligence of the driver of the oncoming Ford car, rather than the previous conversation, and looking and smoking of the defendant driver, and that in all human probability, even by the exercise of the utmost diligence (to say nothing of the mere slight diligence due), he could not have avoided the collision in what was probably less than a half second, allowed him from the time he could possibly have seen the approaching car at all. It does not seem possible to absolve the other driver from recklessness, and to charge the accident to the defendant on the theory that the exercise of even a slight degree of care on his part could have avoided the injury, and that a failure on his part to do so could constitute the proximate cause of the injury.