**21124. PITCHER v. CURTIS.**

DECIDED JULY 20, 1931.

*W. P. Whelchel,* for plaintiff.  *W. N. Oliver,* for defendant.

BELL, J.  Mrs. William Pitcher brought suit against E. Jack Curtis to recover damages for personal injuries alleged to have been sustained by her while she was riding as an invited guest in an automobile belonging to the defendant and driven by his wife. The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted.  The only question for determination in this court is whether the petition alleged such facts as to show gross negligence on the part of the driver of the automobile.  The petition alleged that the ladies were going from Riverside Military Academy to Gainesville, Georgia, and were traveling on a public road commonly known as Riverside Drive.  This road intersects with two other roads, one known as the new Cleveland paved road, and one as the old Cleveland road, "which is a dirt road leading from Riverside Drive to the back of Sinclair filling station, which filling station is situated in an apex angle at the intersection of said old Cleveland road and Riverside Drive, said Riverside Drive being a muchly traveled road."  The defendant's wife was driving the automobile "slightly down grade along Riverside Drive, approaching the Sinclair filling station and the intersection of said old Cleveland road and Riverside Drive at a rate of speed of 45 miles per hour, and was approaching said intersection at a rate of speed of more than 10 miles per hour."  When the driver of the vehicle "reached a point about 50 feet south of the aforementioned Sinclair filling station and about 50 feet north of said apex road intersection, she carelessly and negligently turned her head and eyes away from the said Riverside Drive and away from the direction in which she was traveling and looked to her left rear towards the filling station, and while in this careless and negligent inattention, suddenly and with great violence collided with another automobile which was proceeding slowly in the same direction in which the defendant's car was traveling, on the right-hand side of said road towards Gainesville."  The petition alleged that the

defendant was negligent in the following particulars: "(a) In driving said automobile along a public highway and at a rate of speed greater than was reasonable and proper under the circumstances there existing. (b) By driving said automobile on a public highway at a rate of speed in excess of 40 miles per hour. (c) By approaching the intersecting road at a rate of speed in excess of 10 miles per hour. (d) By not looking down the street on which defendant was traveling and by grossly, carelessly, and negligently turning her head away from said road and away from the direction in which she was traveling and looking in a direction almost opposite to which she was traveling. (e) In not having said automobile under immediate control."

The petition alleges that the operator of the vehicle was violating the law in driving it at a speed in excess of ten miles per hour when approaching an intersecting highway. The accident happened after the passage of the act of 1927 (Ga. L. 1927, p. 226), which superseded prior laws upon this subject, and under the provisions of that act it is not negligence per se to approach an intersecting highway at a speed which is merely in excess of ten miles per hour. *Sapp* v. *Elrod,* 41 *Ga. App.* 356 (153 S. E. 73). We are constrained to the view, however, that the other allegations of the petition were sufficient to withstand the general demurrer on the question of whether the facts stated would amount to gross negligence. It is true that the allegations do not show a sustained and continuous violation of the law in the driving of the vehicle in excess of the maximum speed of forty miles per hour, and it may be that a casual or momentary transgression of the law in this regard would not amount to gross negligence. See, in this connection, *Carroll* v. *Ætna Life Ins. Co.,* 169 *Ga.* 333 (150 S. E. 208); *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 29); *Georgia Ry. & Power Co.* v. *Reid,* 26 *Ga. App.* 720, 724 (107 S. E. 100); *Schofield* v. *Halfield,* 25 *Ga. App.* 513 (103 S. E. 732). But the petition further alleges that Mrs. Curtis, the driver, "carelessly and negligently turned her head and eyes away from the direction in which she was traveling and looked to her left rear towards the filling station, and while in this careless and negligent inattention, suddenly and with great violence collided with another automobile which was proceeding slowly in the same direction in which the defendant's car was traveling, on the right-hand side of said road towards Gainesville."

It does not appear that the automobile which was thus overtaken and run into was near or distant at the time Mrs. Curtis turned her head and looked in another direction, but in either case it would seem to be a question for the jury whether her general conduct amounted to gross negligence. If the other automobile was only a short distance ahead, it is difficult to understand why Mrs. Curtis did not observe it before looking in another direction. On the other hand, if the other vehicle was so far away that her failure to notice it might have been more excusable, it necessarily follows that her vision was turned in another direction for a considerable period of time; otherwise she would have directed her attention again to the road on which she was traveling in time to avoid the collision. Considering with these circumstances the further fact that she was traveling at a speed of more than forty miles per hour, in violation of law, and at an actual speed of forty-five miles per hour, we are not prepared to hold that a jury would be unauthorized to find that such conduct and inattention amounted to gross negligence on her part. The petition does not in terms charge that the driver was negligent in not discovering the other automobile in time to avoid the collision, but it does state that the other vehicle was proceeding slowly in the same direction and upon the same highway, and this fact may be considered in determining the quality of the other acts which are set forth and specified as negligence.

The present case is distinguished from the case of *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256), in which it appeared that in an emergency and under the sudden excitement attendant upon scraping another car, and in view of an admonition which was then uttered by the plaintiff, the defendant obeyed the promptings of a natural and humane instinct by momentarily glancing back at the other car, and in doing so lost control of her own vehicle and thus caused it to run off an embankment. The defendant there was violating the speed law as here, and also turned her head in another direction, and it appears that both acts combined to produce the accident; but the points of difference between that case and the case under consideration are: (1) there the defendant's looking back was a mere glance and was a perfectly natural circumstance, and (2) it does not appear that the way was obstructed in front by any other vehicle with which a collision was imminent. A slight difference in facts may work a very material difference in

the legal result, and this is especially true in tort cases. When it is considered that the automobile in this case was running at a speed of 66 feet per second, the importance of looking constantly ahead and the seriousness of a failure to do so will immediately appear. "Gross neglect is the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property." Civil Code (1910), § 3473. Questions of negligence and diligence, even of gross negligence and slight diligence, are matters which should usually be determined by a jury, and this is not one of those plain and indisputable cases in which the court should attempt to solve the question as a matter of law. For a collection of other cases of this nature, see *Rosenhoff* v. *Schaul*, 42 *Ga. App.* 776, 780 (157 S. E. 215); and see also *McDuffie* v. *Childs*, 43 *Ga. App.* 37 (157 S. E. 900); *Slaton* v. *Hall*, 173 *Ga.* 675 (158 S. E. 747).

 *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*