## 21262. SMITH v. HODGES.

Decided November 13, 1931.

*Mitchell & Mitchell,* for plaintiff.

*Slaton & Hopkins,* for defendant.

BELL, J. (After stating the foregoing facts.) It is our opinion that the court erred in sustaining the general demurrer and dismissing the petition. The proposition would hardly be debatable if the petition had contained more general averments of negli-

gence, with no statement of facts either to support or dispute such conclusions, since it appears to be settled that "mere general averments of negligence are sufficient as against a general demurrer." *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974); *Kemp* v. *Central of Georgia Ry. Co.,* 122 *Ga.* 559 (4) (50 S. E. 465); *Stewart* v. *Greene,* 124 *Ga.* 975 (53 S. E. 450); *Pullman Co.* v. *Martin,* 92 *Ga.* 161 (18 S. E. 364); *Fuller* v. *Inman,* 10 *Ga. App.* 680 (4) (74 S. E. 287). But it appears from the petition as a whole that the allegations of negligence are referable to and based upon specific facts stated, and in such a case a conclusion of the pleader can have no greater weight than the pleaded facts upon which it is predicated, and must fail even on general demurrer, unless supported by the particular facts alleged. *Banks* v. *Schofield's Sons Co.,* 126 *Ga.* 667, 671 (55 S. E. 939); *Seaboard Air-Line Railway* v. *Shigg,* 117 *Ga.* 454 (43 S. E. 706); *Central of Georgia Ry. Co.* v. *Moore,* 5 *Ga. App.* 562, 564 (63 S. E. 642); *Western Union Tel. Co.* v. *Harris,* 6 *Ga. App.* 260 (2) (64 S. E. 1123); *Dowman-Dozier Mfg. Co.* v. *Central of Georgia Ry. Co.,* 29 *Ga. App.* 187 (114 S. E. 815). So the question here is whether the facts shown by the petition would authorize an inference of gross negligence on the part of the defendant, it being necessary that the plaintiff should establish this degree of negligence, to be entitled to a recovery. *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297); *Slaton* v. *Hall,* 172 *Ga.* 675 (158 S. E. 747).

We do not construe the petition as alleging that the defendant actually saw the safety isle into which he ran his automobile. To adopt such a construction would be to give to the plaintiff the benefit of a stronger case than is made by the language which she herself has used to describe it. She alleges only that the safety isle was clearly visible, and not that the defendant actually saw it. Obviously, the fault of the defendant would be greater if he saw the obstruction and ran heedlessly against it than if he struck it merely because he carelessly failed to see it. So the inquiry is reduced to this: Was the mere failure of the defendant to observe and avoid the isle of safety such an act as could be legitimately characterized as gross negligence under the circumstances?

It appears that the platform was made of concrete and extended about twelve inches above the level of the street. There is no specific statement as to its width, but it was "used by the public

to wait for, board, and alight from street-cars," and therefore must have had some considerable width. It had at each end a lighted pillar about eight feet in height, and was situated at or near a public street-crossing. Although the accident happened between 10 and 11 o'clock at night, a light at the street-crossing and the lights on the platform were burning, and, as indicated, the platform was "clearly visible."

Conceivably, several things could have happened to excuse the failure of the defendant to discover and avoid the obstruction, but no reason for his failure is disclosed by the petition, and we think it a question of fact whether such conduct, unexplained, would authorize an inference of gross negligence on his part. The defendant's failure to observe the platform, being otherwise unaccounted for, may be attributed to mere inattention, and so far as appears this is the only explanation. Thus, in its last analysis the petition alleged that the defendant, while driving his automobile along a public street, was so inattentive that he failed to observe what amounted to a dangerous but clearly visible obstruction in the way of his automobile; whereas it might be said by a jury, if not by the court, that one of the most important precautions to be exercised by the operator of an automobile is to keep and maintain a vigilant lookout along the street ahead of the vehicle. It seems to us that a jury would be authorized to find that a person who failed without cause to exercise such a precaution could be found so inattentive as to be guilty of gross negligence. Civil Code (1910), § 3473.

Be it remembered that the petition is being considered on general demurrer, and also that the question is not whether the defendant was in fact guilty of gross negligence, but is whether upon proof of the allegations of the petition, without more, a jury would be authorized to find that he was negligent in that degree. "Questions of negligence and diligence, even of gross negligence and slight diligence, usually are matters to be determined by the jury, and this is not one of those plain and indisputable cases in which the court may solve the question as a matter of law." *Rosenhoff* v. *Schaul*, 42 *Ga. App.* 776, 780 (157 S. E. 215) ; *Pitcher* v. *Curtis*, 43 *Ga. App.* 622 (159 S. E. 783) ; *Fraser* v. *Hunter*, 42 *Ga. App.* 329 (156 S. E. 268) ; *City of Macon* v. *Jones*, 36 *Ga. App.* 799 (138 S. E. 283).

The petition set forth a cause of action, and the court erred in sustaining the general demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*