22574. WRIGHT *v.* SHIRLEY *et al.*

DECIDED MARCH 24, 1933.

*Walter D. Sanders, Stanford Arnold,* for plaintiff.

656

*Samuel J. Boykin, W. G. Post, Allen Post,* for defendants.

GUERRY, J. Amos Shirley, a resident of Coweta county, is named as a joint defendant with the Carrollton Hardware Company, a resident of Carroll county, in a suit filed by Felt Wright in the city court of Newnan. It is alleged that defendant Shirley unlawfully, illegally, and without plaintiff's consent, took a Ford coupé belonging to plaintiff and drove the same to Carrollton; that the delivery truck of defendant Carrollton Hardware Company was being driven at an unlawful rate of speed along the street in Carrollton, and that Shirley was driving plaintiff's coupé behind said truck at an unlawful rate of speed, both vehicles being on the right-hand side of the street; that suddenly, without warning or signal as required by the traffic laws of Carrollton and the laws of Georgia, and with reckless disregard for the rights and safety of others, the driver of the truck of the Carrollton Hardware Company carelessly, negligently, and unlawfully checked the speed of the said truck and turned to the left, directly across this highway, blocking the highway, and bringing the truck to a standstill immediately in the path of the plaintiff's coupé, at a place where such turning and stopping could not and would not be anticipated; that such turning and blocking was so immediately in front of plaintiff's car, and was so sudden and unexpected, that it was not possible for the driver of plaintiff's car to avoid striking the truck of the Carrollton Hardware Company after the negligence of the truck driver had become apparent; that the driver of the coupé made every effort to avoid a collision, but the damage sued for ensued. It was alleged that by the concurrent acts of both defendants the injuries occurred, and that without the concurrent acts the injuries would not have occurred; that Shirley was grossly negligent in unlawfully operating said coupé on said street without the plaintiff's consent, and also in operating such coupé in proximity to the truck at such a rate of speed. The truck driver's negligence was alleged as above set forth and in violation of statutes set out in the petition.

Demurrers to the petition were sustained, and on these rulings the plaintiff assigns error.

Pleadings are construed most strongly against the pleader. If this is an action for the unlawful driving of this coupé by defendant Amos Shirley, it is immaterial how or in what manner the injury occurred, and it can not be said that the alleged negligence of

. the truck driver was a concurring cause of an injury resulting from the driving of the coupé without the owner's consent. The plaintiff would have a right to recover against Shirley irrespective of, and not by reason of, the negligence of the truck driver. The petitioner alleges in one place that the driver of the coupé was negligent in his operation of the coupé at an unlawful rate of speed, but, in paragraphs 14 and 15 of the petition, alleges that the negligence of the truck driver in turning as he did made it impossible for the driver of the coupé to avoid striking the truck, and that the driver of the coupé made every effort to avoid such collision. This is an allegation that the driver of the coupé was without blame so far as the handling of the coupé at the time of the injury was concerned. There may have been a cause of action against Shirley alone for the unlawful driving of the coupé and for the damage that occurred while he was engaged in such unlawful driving. There may have been a cause of action against the Carrollton Hardware Company, by reason of the alleged turning of the truck which caused the coupé to have an unavoidable collision and resultant damage. The negligence in the one case is not concurrent with the negligence in the other, and there was a misjoinder of causes as well as parties, as no concert of action is shown between the two. The court did not err in sustaining the general demurrers to the petition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*