33104. ALLISON *v.* ALLMAN.

DECIDED OCTOBER 28, 1950.

*William W. Daniel,* for plaintiff.

*Grigsby H. Wotton, Augustine Sams,* for defendant.

WORRILL, J. We have only the question of whether the allegations of the petition are sufficient to withstand the general demurrers. Under the allegations it is impossible to ascertain upon just what theory the plaintiff seeks a recovery. He begins his petition by alleging that on July 26, 1948, the defendant became obligated to pay him the sum of $1108.06. Presumably he is referring to the contract set out as an exhibit, and intends to say that under this contract the defendant became so obligated. However, that instrument, as will be seen, has no reference to any such figures as alleged to be due. Further, he alleges that such obligation arose in consideration of the plaintiff's labor, supervisory work, carpenter work, brick laying, etc., but in the contract it appears that the defendant agreed to pay $16,800 to the plaintiff to build a dwelling or residence in accordance with certain specifications, and to furnish all labor and material therefor. Then plaintiff alleges that he recorded a lien on the premises in question, and he prays for a special judgment setting up such lien for the amount he claims in his petition to be due; but elsewhere in the petition many of the allegations are more appropriate to a mere action ex contractu or for a breach of contract. These two forms of action are inconsistent with each other, and are not properly joined in one and the same cause.

The contract provides simply that the plaintiff is to build for the owner the dwelling and furnish all labor and materials. Plaintiff alleges that the defendant "assumed control of the construction," fired the painter hired by the plaintiff and contracted with another person to do the painting, that defendant's wife kept time on the men, that defendant employed some third party to pour concrete drives, walks, porches and to set

"trayle" floors, and that he hired still another person to grade the front yard of the house, firing one hired by the plaintiff to do this work. However, nothing in the petition or in the contract attached as an exhibit tends in any way to show that such acts necessarily constituted a breach of the contract or how or wherein such acts on the part of the defendant (if they did constitute breaches—it being nowhere expressly alleged that such acts constituted breaches) damaged the petitioner or what relation such acts had with the damages sought to be recovered.

The only material difference between count one and count two of the petition (as has been already noted) is that in count two the plaintiff lists some 18 changes in the specifications for the work which he alleges that at various times during the progress of the work the defendant insisted be made. While impliedly he says that these "changes" were things not included in the original contract, he nowhere specifically alleges this as a fact. Neither is it expressly alleged that these changes constituted a breach of the contract. So far as appears from the petition they were merely novations agreed upon by both parties.

Petitioner says that he was receiving $2 per hour for his services and that, based on 1070 and ½ hours' work, he was entitled to receive $688.06 more, he having received already $1,314.74. Apparently his allegations in this regard, taken with his allegations concerning the use of his truck for 27 weeks at $10 per week plus his claim of $150 for "getting the job under way" make up his claim for $1108.06. However, these allegations fly in the very teeth of the contract which says nothing about the plaintiff receiving $2 per hour or $10 per week for the use of his truck or $150 for getting the job under way, but merely provides that he is to receive $16,800 for the complete job of building the dwelling of the defendant. Furthermore, an analysis of the figures furnished in the plaintiff's petition completely fails to reveal how he arrived at the figure of $688.06 as the balance due.

"Indefiniteness in pleading should, as a rule, be raised by special demurrer; yet a petition which is too vague and indefinite to support a recovery may properly be dismissed on general demurrer." *Johnson* v. *Edwards*, 147 *Ga.* 438 (94 S. E.

580

554). The allegations in the petition in the case at bar are not merely vague, uncertain, and indefinite, but they are so inconsistent and repugnant to one another, when taken in connection with the matter contained in the exhibits to the petition, that they neutralize and utterly destroy one another. "In such case the petition is fatally defective, and thus subject to general demurrer." *Adams* v. *Johnson*, 182 *Ga.* 478 (185 S. E. 805). The petition in this case does not show by consistent and uncontradictory allegations a cause of action based either on the reasonable value of the services of the plaintiff in supervising the construction of a dwelling and in working as a carpenter, brickmason, etc., nor the performance by the plaintiff of a contract whereby the plaintiff was to build a house for the defendant at a stipulated price, the plaintiff furnishing labor and materials therefor, and that a balance was due on such contract, nor any other cause of action which can be ascertained from the allegations of the petition.

Under the rules of law announced above, and under the rule that " 'Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader.' " *Jenkins* v. *Dunlop Tire & Rubber Corp.*, 71 *Ga. App.* 255(3) (30 S .E. 2d, 498), the trial court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*