34241, 34242. CHASTAIN *v.* LAWTON (two cases).

DECIDED OCTOBER 17, 1952.

*Pittman, Hodge & Kinney,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

WORRILL, J. Charles Lawton and Mrs. Hazel Lawton, his wife, sued Mrs. E. N. Chastain in two separate actions for damages for personal injuries to Mrs. Lawton, suffered as a result of the collision with a telephone or light pole and a tree within the city limits of Dalton, Georgia, of an automobile driven by Mrs. Chastain, and in which Mrs. Lawton was riding as a guest. The plaintiffs alleged that the actions of the defendant in operating the automobile immediately prior to the injury constituted gross negligence. The defendant denied the material allegations of the plaintiffs' petitions and denied that she was guilty of gross negligence. The cases were tried together and the jury

returned a verdict for Mrs. Lawton for $1500 and for her husband for $1000. The defendant made a motion for a new trial on the general grounds in each case and amended each motion by the addition of one special ground. The trial court overruled the motions, and the exceptions here are to those orders.

The plaintiff in error in these cases has expressly abandoned the special grounds of the motions for new trial and has argued only the general grounds of the motions. The sole question as presented in the briefs of counsel for the plaintiff in error is whether there was any evidence which would authorize a jury to find the defendant guilty of gross negligence as alleged in the petition.

The plaintiffs alleged, and the jury was authorized to find, that the defendant, Mrs. Chastain, drove her automobile through a busy five-way intersection in the City of Dalton at a speed of from 30 to 35 miles per hour, without stopping, and executed a left turn in the intersection; that just after passing through the intersection, and while still traveling at 30 to 35 miles per hour on a heavily traveled main thoroughfare in a densely populated section of that city she turned her head and eyes to the rear for a period of three to five seconds while placing some articles of clothing which had been on the seat beside her on the rear seat; that while so engaged, and while having her head and eyes turned toward the rear she continued to feed the car gas and to steer it, and traveled a distance of 200 to 225 feet, mounting a curb, striking a telephone or light pole and snapping it off; and traveled some 50 or 60 feet beyond that pole and struck a tree, and that she never did see the pole she struck. The plaintiff, Mrs. Lawton, riding on the front seat, was thrown against the dash or windshield by the impact of the collision with the telephone pole and thus injured.

The plaintiff in error relies on the proposition stated and applied by this court in *Capers* v. *Martin,* 54 *Ga. App.* 555 (188 S. E. 465), that there is an exception to the general rule that it is for the jury to say whether the driver of an automobile is grossly negligent in failing to keep a constant lookout ahead, namely: that as a matter of law a driver is not guilty of gross negligence where he, in looking aside or away from the road, does so in response to some sudden, natural human impulse or

emergency, with only a momentary or very brief turning of the head backward or aside. This court is, of course, cognizant of that rule and of its proper application, but, as was said in *Pitcher* v. *Curtis,* 43 *Ga. App.* 622, 625 (159 S. E. 783), "A slight difference in facts may work a very material difference in the legal result, and this is especially true in tort cases." While there are no allegations in the instant case, and no evidence that the speed at which the defendant was operating the automobile was in violation of the law or of any ordinance of the City of Dalton, or that the failure to stop before entering the intersection was a violation of any ordinance, nevertheless, the plaintiff alleged, and the jury were authorized to find, that such acts on the part of the defendant, occurring as they did in a thickly populated section on a heavily traveled thoroughfare, together with her further act of looking to the rear for a period of three to five seconds, long enough to travel 200 to 225 feet, was gross negligence on her part, as defined in the Code, § 105-203, and were authorized to award the plaintiffs damages on this theory. This case is, therefore, distinguishable from the cases on which the plaintiff in error relies, and the trial court did not err in overruling the general grounds of the motion.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*