## 35217. EUBANKS *v.* AKRIDGE.

Decided October 25, 1954—Rehearing denied December 16, 1954.

*Robert W. Reynolds,* for plaintiff in error.

*Frank S. Twitty, Jule W. Felton, Jr.,* contra.

QUILLIAN, J. "Where certain conduct is alleged to be negligent, it is a jury question whether such conduct constitutes negligence if reasonable minds might differ upon the question." *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2) (57 S. E. 2d 18). And where negligence is charged, then if reasonable minds might differ as to what degree of negligence the defendant's conduct amounts to, this also is a jury question. *West* v. *Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808).

Three acts of the defendant are charged in this petition to be gross negligence. One of these allegations, to the effect that the defendant was negligent in failing to apply his brakes when he saw the dead end, is incompatible with the contradictory allegation that the defendant, "after driving over the crest of a hill, was *unable* to apply his brakes," and therefore, construed in its light most unfavorable to the pleader, is insufficient as a charge of negligence. If the defendant did not apply his brakes because for some reason he could not, which reason was not related to his own lack of care, then failure to apply brakes under such circumstances would not be negligence. This is an example of a general allegation of negligence being contradicted by a specific allegation of fact which, when adversely construed, contradicts the general allegation; and if that were the only allegation of negligence, the petition would be subject to general demurrer. *Doyal* v. *Russell,* 183 *Ga.* 518 (2). (189 S. E. 32). The same reasoning does not apply, however, to the remaining allegations of negligence. We are not dealing with any ruling of the court on special demurrer, as the special demurrers were not passed

on. As against general demurrer, mere general allegations of negligence are sufficient, although, as against special demurrer, they might require greater particularization. *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (2) (50 S. E. 974); *Kemp* v. *Central of Ga. Ry. Co.*, 122 *Ga.* 559 (4) (50 S. E. 465); *Trammell* v. *Columbus Railroad Co.*, 9 *Ga. App.* 98 (5) (70 S. E. 892). Accordingly, an allegation that the defendant was negligent in operating said automobile at a rate of speed greater than was reasonable and safe, in violation of Code (Ann. Supp.) § 68-301, was good as against general demurrer (see *Roadway Express, Inc.* v. *Jackson*, 77 *Ga. App.* 341, 346 (10), 48 S. E. 2d 691), particularly in view of the fact that the petition showed the grade and character of the road to be such that it was a dead-end road with an embankment at the end of it; that, immediately before reaching this embankment, the automobile topped the crest of a hill; and that the collision occurred at 8 p. m. in November, which was after dark. Further, an allegation that the defendant was negligent in failing to reduce his rate of speed after being twice warned to do so by the plaintiff, for the reason that they were approaching the embankment, was sufficient as against general demurrer, when coupled with the facts that the defendant was traveling 50 miles an hour at night; and that he told the plaintiff he knew where the embankment was, and then proceeded to drive, at the same rate of speed, over the top of the hill and into it. Had the defendant not known where the dead-end intersection was located, and had he been relying on the plaintiff to inform him of this fact, a different case would be made out; but where the defendant refused to slacken speed when warned he was approaching the embankment on the ground that he knew where it was, it cannot matter whether the warning was given a half mile or five miles before the embankment was reached; the allegations must be construed to mean that the defendant drove at full speed into the dead end because he was mistaken in thinking he knew exactly where it was, and because of his mistake in remembering its location he refused to heed the plaintiff's warning that he was approaching it. We do not say that this allegation is not subject to a special demurrer calling for information as to how long before the collision the warning was given, but as against a general demurrer it was certainly sufficient.

246

The petition is sufficient to present a jury question in the case of gross negligence as against a general demurrer, and the trial court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Townsend and Nichols, JJ., concur. Felton, C. J., disqualified.*