36002. WERBELL *v.* WALTERS.

DECIDED FEBRUARY 13, 1956.

386

*Marshall, Greene & Neely, J. G. Roberts, Burt DeRieux,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, Robert R. Richardson, Scott S. Edwards, Jr., John W. Chambers,* contra.

QUILLIAN, J. ■ The motion for judgment notwithstanding the verdict alleged that the defendant had made a motion for a di-

rected verdict on the grounds: "First, there is not sufficient competent evidence in the record to show that the defendant violated any duty which he owed to the plaintiff as a guest passenger in his car. And, secondly: The uncontradicted evidence shows that the plaintiff by the exercise of ordinary care could have avoided any injury she may have sustained by staying away, or getting out of the way, or going away from a probable or known danger."

The motion further alleged that the court overruled the motion for directed verdict, that the jury returned a verdict in favor of the plaintiff, and prayed that the verdict be set aside and a judgment entered in the defendant's favor in accordance with the motion for directed verdict.

The motion like any other pleading merely presented the defendant's contentions to the court and prayed for the relief that the defendant asserted he was entitled to if the allegations of the motion were established by proof. The relief was, of course, that the verdict be set aside and a judgment be entered in the defendant's favor in accordance with the motion for directed verdict.

The conclusive proof of whether the defendant had actually made the motion for directed verdict, and that it was made upon the grounds alleged in the motion for judgment not withstanding the verdict was the motion for directed verdict itself, which appears in the record.

The motion for directed verdict serves as proof of the allegation of the motion for judgment notwithstanding the verdict that the former motion was made on the grounds that the evidence was not sufficient to show that the defendant violated any duty which he owed plaintiff, and that the evidence demanded a finding to the contrary. It will be noticed from a comparison with the first ground of the motion for judgment notwithstanding the verdict quoted in the foregoing statement of facts, with the first and second paragraphs of the motion for directed verdict which appear in this opinion, that the ground of the motion for directed verdict referred to is a virtual, if not literal, embodiment of the first and second paragraphs of the latter motion.

However, the third paragraph of the motion for judgment notwithstanding the verdict does not comport with any ground of the motion for directed verdict, and there is no proof in the record

that motion for directed verdict was in fact made on that ground.

There is a ground of the motion for directed verdict, its second ground, that is somewhat similar to that referred to in the third paragraph of the motion for judgment notwithstanding the verdict, but not only is it couched in different language, but it is of entirely different import from the ground upon which the motion for directed verdict is alleged in paragraph three of the final motion to have been made.

So that the first question of law that is presented for the consideration of this court is whether the evidence demanded a finding that the defendant failed in no duty owed the plaintiff, that is whether the evidence considered as a whole indisputably shows that he neither injured the plaintiff by wilful misconduct or by failing to exercise slight care for her protection while she was riding as a guest in his automobile. Of course, the failure to exercise slight care is what our law defines as gross negligence.

It may be that there is no other question properly before the court since there was no proof of the third paragraph of the motion for judgment notwithstanding the verdict, which paragraph is the only paragraph except paragraphs one and two of the motion heretofore referred to which undertakes to present any question for determination here.

But if very liberal construction be placed upon paragraph three of the motion so that it may be taken as at least attempting to allege that the motion for directed verdict was made upon the second ground of the motion for directed verdict as it appears from the record, the question for our determination would be whether the evidence demanded a finding in accord with the second ground of the motion for a directed verdict, which ground for the sake of continuity we repeat. "And, secondly: The uncontradicted evidence shows that the plaintiff by the exercise of ordinary care could have avoided any injury she may have sustained by staying away, or getting out of the way, or going away from a probable or known danger."

But it will be observed that according to the peculiar wording of the ground, it did not raise the question as to whether the factual situation revealed by the evidence disclosed a failure on the part of the plaintiff to exercise ordinary care to avoid the negligence of the defendant, but simply presented the very narrow

question as to whether the proof produced upon the trial showed that she failed to exercise such care by omitting to employ a particular prudential measure in averting the danger to which the defendant's negligence exposed her; that prudential measure being that the plaintiff to have escaped the hazard to which the defendant's driving exposed her, should have stayed out of the automobile in the first instance, or when the danger became apparent have left his automobile.

The venerable and familiar rule is that except in plain and indisputable cases where reasonable men could not entertain opposite views of the matter, the questions of whether the host's conduct is negligence, the classification of his negligence as slight, ordinary, or gross and whether his negligence was the proximate cause of the plaintiff's injuries are questions for the jury. *Eubanks* v. *Akridge,* 91 *Ga. App.* 243 (85 S. E. 2d 502); *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2) (57 S. E. 2d 18); *West* v. *Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808).

A cursory reading of the foregoing statement of facts discloses that there was ample evidence, applying to the rule just referred to in the preceding paragraph, to present issues for the jury as to whether the defendant host in this case was guilty of gross negligence and whether his negligence was the proximate cause of the plaintiff's injuries.

The plaintiff's proof in conflict with the defendant's evidence to the contrary created an issue as to whether the defendant undertook to traverse a rather sharp double down-grade curve with which he was familiar at an unlawful speed so great that it caused him to lose control of his automobile, in consequence of which conduct the vehicle struck and demolished or greatly damaged a stone wall and then collided with a telegraph pole, and that the plaintiff was injured by these collisions. The plaintiff's evidence if believed by the jury, as it evidently was, was sufficient to support a finding that the defendant's acts of gross negligence proximately caused the injuries she sustained.

The question of whether the plaintiff in a given case exercises ordinary care to prevent being injured by the negligence of another is also, under the familiar rule before referred to, for the jury, except where the evidence adduced upon the trial points to and permits only one logical conclusion. *Taylor* v. *Morgan,* 54

*Ga. App.* 426 (188 S. E. 44); *Smith* v. *American Oil Co.,* 77 *Ga. App.* 463 (49 S. E. 2d 90); *Crane Auto Parts* v. *Patterson,* 90 *Ga. App.* 257 (82 S. E. 2d 666); *Britt* v. *Davis,* 53 *Ga. App.* 783 (187 S. E. 125).

Of course, the same rule would apply to a case such as that we now review where the contention is not only that the plaintiff should have done some act to avoid the apparent danger to which she was exposed, but should have done some specific thing to escape such peril. The evidence in the instant case does not so conclusively prove that the plaintiff failed to exercise ordinary care to avoid the consequences of the defendant's negligence that reasonable minds might not differ on that score, and certain it is that the proof as a whole did not demand a finding that she was under such duty to have stayed out of the plaintiff's automobile, or to have gotten out of it, that a failure to follow that particular course or conduct barred her recovery.

The evidence, it will be recalled, showed that the speed at which the plaintiff was traveling was according to the plaintiff 60 miles per hour and as estimated by the defendant and his witnesses 35 miles per hour. All witnesses agreed that the hour was late; that the defendant stopped in obedience to traffic signals and was driving at about the same speed as the rest of the party until he reached Andrews Drive. Certainly, this was some evidence from which the jury were warranted to conclude that up to that point there was nothing in the speed or manner of his driving to cause the plaintiff such apprehension of impending danger as would have required that any prudential measure to advert danger be employed by her. After reaching Andrews Drive the plaintiff testified that the defendant suddenly accelerated his speed and in a short distance thereafter lost control of the automobile. She was certainly under no duty to take any steps to avoid the consequence of his negligence until it became apparent or by the exercise of ordinary care should have become apparent to her. *Shermer* v. *Crowe,* 53 *Ga. App.* 418 (186 S. E. 224); *Allgood* v. *Butler,* 88 *Ga. App.* 231 ( 76 S. E. 2d 437); *Bryant* v. *Atlantic Coast Line R. Co.,* 62 *Ga. App.* 801 (10 S. E. 2d 141); *Whatley* v. *Henry,* 65 *Ga. App.* 668 (16 S. E. 2d 214).

The evidence did not demand that the plaintiff suddenly confronted with the peril created by the defendant's negligence had

time or opportunity to have avoided that danger under the rule referred to in the preceding paragraph.

We have read with interest the cases relied upon by the defendant, plaintiff in error here. In those cases is found the pronouncement of the recognized rules applicable to negligence cases generally.

In *Wilson* v. *Harrell*, 87 *Ga. App.* 793 (75 S. E. 2d 436) it is held among other things, just as we hold in this case, that ordinarily it is a question for the jury as to whether under factual circumstances revealed by the evidence the guest passenger is under the duty to take steps to prevent injury to which the negligence of his hosts exposes him, and just what measures he should employ in that behalf.

It is interesting to note that in none of the cases relied on by the defendant except *Beasley* v. *Elder*, 88 *Ga. App.* 419 (76 S. E. 2d 849), was the case withdrawn from the jury or a verdict directed. In that case, the facts being dissimilar to the case at bar, a person placed himself in a position of obvious peril, the plainly calculated risk of which any person of ordinary intelligence would appreciate.

We conclude that the trial court properly overruled the defendant's motion for judgment notwithstanding the verdict, and that there is nothing in the cases cited by the defendant, plaintiff in error here, to incline us to a different view.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*