36164. COLLIS *v.* ASHE.
36165. COLLIS *v.* COLLIS, by Next Friend.

DECIDED APRIL 30, 1956—REHEARING DENIED JUNE 11, 1956.

*William Butt, Herman J. Spence, R. E. Lee Field, Smith, Field, Doremus & Ringel,* for plaintiff in error.

*Thomas H. Crawford, J. Hugh Rogers,* contra.

FELTON, C. J. The evidence authorized the jury to find that the defendant was guilty of gross negligence under the circumstances. While there is no direct evidence as to whether the defendant did or did not stop at the intersection before proceeding through it, the facts certainly authorized the finding that she did not stop. The defendant testified that upon seeing the intersection she applied her brakes and that then the collision occurred. There is evidence to authorize the finding that the collision occurred in the intersection. There is no evidence that the defendant came to a stop and then proceeded into the intersection. A finding was authorized that after the defendant applied her brakes she, without stopping, continued, possibly with her brakes still applied, into the intersection where the collision occurred.

As to the finding that the defendant was grossly negligent, the jury had before them detailed photographs of the intersection showing the intersection as it appeared upon approaching it as the defendant approached it. There were two such photographs, one showing the intersection as it appeared from some distance away and one showing it as it appeared at a lesser distance. The collision occurred during daylight hours. The jury were authorized to find from such evidence that if the defendant did not see the stop sign, did not see the intersection in time to bring her car to a stop, and did not stop before entering the intersection, she was so inattentive to her driving as would amount to gross negligence. *Jordan* v. *Lee*, 51 *Ga. App.* 99 (3) (179 S. E. 739); *Smith* v. *Hodges*, 44 *Ga. App.* 318, 321 (161 S. E. 284).

The special grounds of the amended motions for new trial are without merit.

The court did not err in denying the amended motions for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*