37531. SIKES, Administrator *v.* NORRIS *et al.*

DECIDED MARCH 13, 1959—REHEARING DENIED APRIL 2, 1959.

352

*James W. Arnold, Guy B. Scott, Eugene A. Epting, Erwin, Nix, Birchmore & Epting,* for plaintiff in error.

*Lindsay, Bell, Everett & Casper, A. M. Kelly, Wm. L. Preston,* contra.

NICHOLS, Judge. The petition as finally amended, omitting formal parts, alleged in substance the following: The deceased Mary Lucile Norris was the lawful wife of the plaintiff and not having left any children surviving her the plaintiff, as widower and sole surviving heir, is entitled to recover the full value of her life as provided by Code (Ann.) § 105-1306; that on February 1, 1958, at about 9:15 p.m., M. R. Sikes was driving a Chevrolet automobile west on Mount Creek Church Road and was approaching Bold Springs Road; that Mount Creek Church Road is maintained by Walton County and runs easterly and westerly and Bold Springs Road is maintained by Walton County and runs northerly and southerly; that Bold Springs Road is the principal and muchly used highway; paved with asphalt (black top) and that Mount Creek Church Road is unpaved east of the said intersection and is seldom used by vehicular traffic; that the plaintiff's now deceased wife was riding in the Sikes automobile as an invited guest at such time and place and as such guest had no control over the driver of the automobile; that the defendant Sorrells at such time was approaching the intersection on Bold Springs Road traveling in a northerly direction, that at such time the Sikes automobile was traveling in excess of 40 miles per hour when it reached a point 75 feet east of such intersection; that the night was dark, the weather dry, and no lights were visible at the intersection other than the headlights on the vehicles involved in the collision; that Bold Springs Road is a straight highway with no curves for one-half mile north or south of the intersection while Mount Creek Church Road is a narrow winding dirt road for

one-half mile east of such intersection, that 150 feet east of the intersection Mount Creek Church Road dips downgrade and then rises upgrade to a hill crest located in the center of the intersection; that as the Sikes automobile approached the point of collision and came within 75 feet from said intersection, the defendant Sorrells was approaching said intersection from the south on Bold Springs Road at a speed in excess of 60 miles per hour and was approximately 300 feet south of the intersection in full view of M. R. Sikes, now deceased; that as the automobile operated by Sikes approached and entered the said intersection it was being driven at a greater speed than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing and at a speed in excess of 40 miles per hour; that as Sikes approached the said intersection, he did not reduce his speed, nor did he have his said automobile under immediate control, nor was he maintaining a proper lookout ahead, nor was he driving said Chevrolet in compliance with legal requirements and the duty of all persons to use due care; that despite the fact that the defendant Sorrells' Ford automobile was entering said intersection at the rate of speed and in the manner aforesaid, and despite the further fact that the said automobile with headlights burning was in full view, Sikes, without reducing speed, drove the said Chevrolet automobile westerly across said intersection directly into the path of the Ford automobile; that as the Sikes' automobile reached the middle of said intersection, defendant Sorrells' automobile crashed headon into the left side of the Chevrolet automobile with such tremendous force that the Chevrolet automobile was turned completely around and knocked over 50 feet out of the intersection and off the Bold Springs Road north of the northwest corner of said intersection; that such collision caused certain alleged injuries which caused the death of the plaintiff's wife on February 5, 1958, and that the deceased M. R. Sikes was negligent as follows: "23. That at the said time and place M. R. Sikes, now deceased was grossly negligent as follows: (a) That the defendant wilfully, heedlessly, and recklessly drove the said Chevrolet automobile in and onto the said intersection at a high, dangerous, and reckless rate of speed,

to wit: in excess of 40 miles per hour. (b) That despite defendant Sorrells' Ford automobile with headlights burning, being in full view of the said M. R. Sikes, now deceased, and despite the fact that the said Ford automobile operated by defendant Sorrells, was being driven at a rate of speed in excess of 60 miles per hour, and was in the act of entering said intersection, deceased Sikes drove the said Chevrolet westerly across the said paved highway directly into the path of the speeding Ford automobile. (c) He failed to keep a proper lookout ahead and observe the Ford automobile driven by defendant Sorrells as it approached and attempted to cross the intersection. (d) By failing to reduce the speed of the said Chevrolet automobile as it entered the said intersection in utter disregard of the presence of the Ford automobile. (e) He drove said Chevrolet automobile onto the through paved highway at night from the said unpaved side road at a greater speed than was reasonable and prudent under the circumstances, conditions, and actual potential hazards as then and there existed in violation of Ga. Code § 68-1626 (c) and same being negligence per se. (f) He failed to exercise due care and to control the speed of the said Chevrolet automobile so as to avoid colliding with the automobile driven by the said C. J. Sorrells . . . as the two vehicles entered the said intersection in violation of Ga. Code § 68-1626 (a), and the same being negligence per se. (g) He drove the said Chevrolet automobile off of the dirt road without stopping onto the principal, paved and muchly used highway at night directly across the path of the speeding Ford automobile, operated by defendant Sorrells without sounding his horn or giving any other type warning of his intention to cross the intersection ahead of defendant Sorrells. (h) He failed to yield the right of way to defendant Sorrells' Ford automobile which was approaching said intersection so closely on the said through paved highway as to constitute an immediate hazard in violation of Code § 68-1652 and same being negligence per se." The petition also alleged certain acts of negligence on the part of the defendant Sorrells, and prayed for judgment for the full value of the life of the deceased, as well as for certain specified "special damages."

1. One ground of special demurrer filed by the plaintiff in error contends that subparagraph (e) of paragraph 23 should be stricken because the allegations of the petition do not show that Bold Springs Road is a "through paved highway" as defined by law. While it is not alleged that Bold Springs Road is such a road as is defined by Code (Ann.) § 68-1504 (1) (f), it is alleged that Bold Springs Road is a paved "straight highway with no curves for one-half mile north or south of the intersection." Negligence per se is not charged in such subparagraph because Bold Springs Road is a "through highway" as defined by Code (Ann.) § 68-1504 (1) (f), supra, but because the provisions of Code (Ann.) § 68-1626 (c) require all operators to drive at appropriate reduced speed when approaching a hill crest, traveling narrow or winding roads, or when other traffic causes special hazards. This ground of demurrer is without merit, since necessarily the question of what is an appropriate reduced speed is a question of fact and not one of law except in plain and palpable cases.

2. The only other ground of special demurrer to be passed upon attacks subparagraph (g) of paragraph 23 of the petition, quoted above, because, since the allegations of the petition show that the Sikes' automobile was approaching from the right of the Sorrells' automobile, the operator of the Sikes' automobile had no duty to stop, sound his horn or give any other signal before entering the intersection.

" 'The driver having the right of way at a highway intersection . . . ordinarily has the right to assume and to act upon the assumption that drivers of cars approaching and crossing on his left will yield the right of way, and also that they will exercise the ordinary care required of them. But even though a driver on the left has failed to observe a right of way statute and is thus guilty of negligence per se, or has otherwise failed to exercise ordinary care in approaching the intersection, this will not render such a driver liable (as a matter of law) for a collision, unless such negligence proximately contributed to the collision. This is true for the reason that such negligence of a driver approaching on the left will not relieve the driver having the right of way of his own legal duty to exercise ordinary care

under the facts and circumstances of the situation. His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an intersection . . . without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent.' *Eddleman* v. *Askew,* [50 *Ga. App.* 540, 179 S. E. 247]." *Laseter* v. *Clark,* 54 *Ga. App.* 669, 671 (189 S. E. 265). This ground of special demurrer was properly overruled.

3. In addition to the allegations of the petition shown in the above statement of facts, the plaintiff by amendment alleged the following: "That defendant, Sikes, was thoroughly familiar with the said road intersection, and in traveling east on said Mountain Creek Road toward said intersection with Bold Springs Road . . . well knowing that said Bold Springs Road was a muchly used highway, drove his automobile into said intersection without reducing his speed and into the path of defendant Sorrells' automobile which was entering said intersection as aforesaid."

The defendant Sikes contends that since the petition alleges that when the Sorrells' automobile was approximately 300 feet from the intersection and the Sikes' automobile was within 75 feet of the intersection, and that the Sikes' automobile was traveling 40 miles per hour while the Sorrells' automobile was traveling in excess of 60 miles per hour, that construing the petition most strongly against the pleader under such allegations the Sikes' automobile would have been across the intersection before the Sorrells' automobile reached the intersection.

Of course it cannot be contended that had the Sikes' automobile been traveling 40 miles per hour and the Sorrells' automobile 60 miles per hour toward the intersection at a time when the Sikes' automobile was 75 feet from the intersection and the Sorrells' automobile was 300 feet from the intersection that the collision would have occurred, for the Sikes' automobile would have traveled 200 feet at 40 miles per hour while the Sorrells'

automobile traveled 300 feet at 60 miles per hour, and the Sikes' automobile would have been 125 feet beyond the intersection at the time the Sorrells' automobile reached the intersection. Therefore, construing the allegations of the petition most strongly against the pleader, as must be done when considering a general demurrer, the petition must be construed as alleging that the Sikes' automobile did not continue at 40 miles per hour but that it did in fact slow down to a speed wherein it averaged 15 miles per hour from the point 75 feet from the intersection to the intersection where the collision occurred.

Under such construction the allegations of negligence contained in subparagraph (a) of paragraph 23, supra, must fall as being a conclusion of the pleader not supported by the allegations of fact. "Well pleaded facts are to be taken as true on the hearing on a demurrer, but a general demurrer does not admit conclusions of the pleader where the facts are not averred upon which the conclusions are supposed to rest. *Fowler* v. *Southern Air Lines,* 192 *Ga.* 845 (16 S. E. 2d 897)." *Dowling* v. *Southwell,* 95 *Ga. App.* 29 (4) (96 S. E. 2d 903). The other allegations of negligence, denominated as gross negligence by the petition, were supported by the allegations of fact and do not fall as being conclusions not supported by the allegations of fact.

In *Smith* v. *Hodges,* 44 *Ga. App.* 318 (161 S. E. 284), a petition by a guest passenger against the host driver, which alleged that the host driver drove into a lighted "loading platform" at night, was held to be sufficient as against general demurrer even though it was not alleged that the host saw the lighted loading platform.

In the present case, while it is not alleged that Sikes saw the Sorrells' automobile, the allegations that Bold Springs Road was straight for one-half mile, that the Sorrells' automobile had its headlights burning, and was in full view of Sikes, places this case in much the same category as *Smith* v. *Hodges,* 44 *Ga. App.* 318, supra, where it was said: "Be it remembered that the petition is being considered on general demurrer, and also that the question is not whether the defendant was in fact guilty of gross negligence, but is whether upon proof of the allegations of the petition, without more, a jury would be authorized to find that he was negligent in that degree. 'Questions of negligence

and diligence, even of gross negligence and slight diligence, usually are matters to be determined by the jury, and this is not one of those plain and indisputable cases in which the court may solve the question as a matter of law.' *Rosenhoff* v. *Schaul,* 42 *Ga. App.* 776, 780 (157 S. E. 215); *Pitcher* v. *Curtis,* 43 *Ga. App.* 622 (159 S. E. 783); *Fraser* v. *Hunter,* 42 *Ga. App.* 329 (156 S. E. 268); *City of Macon* v. *Jones,* 36 *Ga. App.* 799 (138 S. E. 283)." " 'The venerable and familiar rule is that except in plain and indisputable cases where reasonable men could not entertain opposite views of the matter, the questions of whether the host's conduct is negligence, the classification of his negligence as slight, ordinary, or gross and whether his negligence was the proximate cause of the plaintiff's injuries are questions for the jury. *Eubanks* v. *Akridge,* 91 *Ga. App.* 243 (85 S. E. 2d 502); *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2) (57 S. E. 2d 18); *West* v. *Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808).' *Werbell* v. *Walters,* 93 *Ga. App.* 378, 389 (91 S. E. 2d 841)." *Austin* v. *Smith,* 96 *Ga. App.* 659, 663 (101 S. E. 2d 169). Accordingly, the plaintiff's petition set forth a cause of action and the trial court did not err in overruling the general demurrers to such petition.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The majority opinion clearly recognizes the contradictory nature of the pleadings in the petition, but then proceeds to harmonize the conflicting allegations by adopting a construction favorable to the pleader, thus violating a well-established principle of law. In construing contradictory pleadings, the version most unfavorable to the pleader must be taken, as a pleading must be construed most strongly against the pleader. *Independent Life &c. Ins. Co.* v. *Pantone,* 80 *Ga. App.* 426 (1) (56 S. E. 2d 153).

The petition alleges the occurrence of a collision between two automobiles and also alleges that these automobiles were traveling at such speeds and distances in relation to each other as to render a collision impossible. The imperfection in this petition is not a mere duplicity or inconsistency in form, but its allegations are repugnant in matter of substance, and so repugnant as to neutralize and destroy each other. *Adams* v.

*Johnson,* 182 *Ga.* 478, 480 (185 S. E. 805); *Byrd* v. *Riggs,* 213 *Ga.* 593, 595 (100 S. E. 2d 453); *Owen* v. *S. P. Richards Paper Co.,* 188 *Ga.* 258, 261 (3 S. E. 2d 660); *Allison* v. *Allman,* 82 *Ga. App.* 574, 580 (61 S. E. 2d 672); *Zachos* v. *Citizens & Southern Nat. Bank,* 213 *Ga.* 619, 626 (100 S. E. 2d 418).

Contradictory allegations in the petition have been construed most strongly against the pleader so as to negative a general allegation of negligence in *Wright* v. *Shirley,* 46 *Ga. App.* 655 (168 S. E. 915). Construing the allegations in the instant case most strongly against the pleader, the petition shows that a collision between the oncoming vehicles could not have occurred.

I think the court erred in overruling the general demurrers to plaintiff's petition.